IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALLISHA K. TAYLOR and YAMAN F. TAYLOR,<br><br>    Plaintiffs,<br><br>    *v.*<br><br>NATIONSTAR MORTGAGE, LLC<br><br>    Defendant. | Civil Action Number:<br>1:15-cv-04403-AT-LTW |

**DEFENDANT'S REPLY AND BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT IN PART**

Defendant Nationstar Mortgage, LLC ("Nationstar") hereby replies to Plaintiffs' *Memorandum of Law in Opposition to Defendant Nationstar Mortgage, LLC Motion to Dismiss*, Doc. 11 ("Response"). Plaintiffs have failed to sustain their claims under the Fair Debt Collection Practices Act ("FDCPA") and the Georgia Quiet Title Act, and these claims should therefore be dismissed.

### I.  ARGUMENT AND CITATION OF AUTHORITY

This Court should dismiss Plaintiffs' claims under the FDCPA and the Georgia Quiet Title Act. First, Plaintiffs' claims are time-barred by the FDCPA's one-year statute of limitations. Second, to the extent Plaintiffs' claims are not time-barred, Plaintiffs' FDCPA fails because the communications Plaintiffs allege

violate the FDCPA are not attempting to collect any debt. <u>Third</u>, and moreover, the communications Plaintiffs allege violate the FDCPA are not unfair, deceptive, abusive, or unconscionable. Instead, they are responses to Plaintiffs' requests for information. <u>Fourth</u>, Plaintiffs are not entitled to any equitable relief under the Georgia Quiet Title Act because they have not tendered or offered to tender their loan balance. For these and for all other reasons set forth below and in Nationstar's *Motion to Dismiss in Part*, the Amended Complaint should be dismissed.

A.      *Plaintiffs' FDCPA claim fails.*

Claims under the FDCPA are subject to a one-year statute of limitations. 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter . . . [may be brought] within one year from the date on which the violation occurs."). The Plaintiffs initiated this litigation on November 16, 2015. Accordingly, Plaintiffs' FDCPA claim must be based on conduct which occurred *after* November 16, 2014. The Amended Complaint contains several allegations of alleged conduct which occurred *before* November 16, 2014. *See* Doc. 7 at ¶¶ 13–17.

Plaintiffs' Response has clarified that there are only three potentially actionable allegations of conduct by Nationstar which allegedly occurred after November 16, 2014. <u>First</u>, Plaintiffs allege that on November 18, 2014, Nationstar

violated the FDCPA by "mail[ing] a notice" to Plaintiffs. *Id.* at 5; Amended Complaint, Doc. 7 at 5, ¶ 17.[1] Second, Plaintiffs allege that on November 24, 2014, they allegedly sent Nationstar a "Debt Validation Letter" to which Nationstar never responded. Response, Doc. 11 at 4; Amended Complaint, Doc. 7 at 6, ¶ 18.[2] Third, they allege that Nationstar violated the FDCPA in February 2015 by allegedly sending Plaintiffs a "notice of payoff." *Id.* at 5.[3]

> **1.** *The alleged November 18, 2014 "notice" Nationstar allegedly sent Plaintiffs does not violate the FDCPA.*

---

[1] The Amended Complaint specifically reads: "On November 6, 2014 Plaintiffs sent a letter to Defendant NML wanting to inspect the original promissory note. Defendant responded on November 18, 2014 denying the Plaintiffs request and sending a copy of the Note. NML also stated that their records indicated that The Bank of New York as Trustee for HELT 2007-FREI was the owner of the alleged debt. Further, that NML was a debt collector who services the alleged debt for the Trust." (Citations omitted.)

[2] The Amended Complaint specifically reads: "On November 24, 2014 Plaintiff sent a Debt Validation Request to Defendant which requires collectors cease collection of debt under Fair Debt Collection Practices Act 15 U.S.C. 1692g until the debt is validated. NML sent a letter dated December 1st, 2015, stating they would respond by January 8, 2015. NML did not validate the debt." (Citations omitted.)

[3] For the ***first time*** in their Response, Plaintiffs allege additional conduct by Nationstar on February 2, 2015 which allegedly violated the FDCPA. This conduct was not alleged in the Amended Complaint. This Court should disregard Plaintiffs' allegations as to any conduct which allegedly occurred on February 2, 2015 because Plaintiffs cannot amend their Amended Complaint through their Response to Nationstar's Motion to Dismiss. *Burgess v. Religious Tech. Ctr., Inc.*, 600 Fed. Appx. 657, 665 (11th Cir. Jan. 26, 2015) ("We repeatedly have held that plaintiffs cannot amend their complaint through a response to a motion to dismiss.").

As set forth above, Plaintiffs allege that in response to a November 6, 2014 request for information, Nationstar delivered to Plaintiffs a letter on November 18, 2014. In this letter, Nationstar declined to provide Plaintiffs with their original promissory note, and instead enclosed a copy of the same. *See* Amended Complaint, Doc. 7 at 5, ¶ 17. Nationstar further informed Plaintiffs who the current holder of their promissory note was, and further, that Nationstar was servicing their loan on the note holder's behalf. *Id.* Plaintiffs also allege that the current holder of their note is different than the assignee of their security deed which appeared in the Clayton County records. Doc. 11 at 5 ("The Clayton County records show an entity named Newcastle Mortgage Securities Trust 2007-1 as assignees.").[4]

Plaintiffs claim that this communication: (1) "constitutes deception and unfair attempts to collect a debt"; (2) "violated 1692f in that Defendant used unfair or unconscionable means to collect or attempt to collect the alleged debt." These allegations are absurd. Plaintiffs wish to hold Nationstar liable for responding to a communication by Plaintiffs regarding the identity of the holder of their promissory note and the fact that Nationstar was servicing their loan. Plaintiffs'

---

[4] A copy of the *Corporate Assignment of Security Deed* evidencing the assignment of Plaintiffs' Security Deed to Newcastle Mortgage Securities Trust 2007-1 is attached hereto as **Exhibit A**. Nationstar's letter informed Plaintiffs of the holder of the note at the time of that letter. The fact that Newcastle is listed as the assignee of the Security Deed at that time is immaterial. *You v. JP Morgan Chase Bank*, 293 Ga. 67, 71 (2013).

categorical and factually unsupported allegation that Nationstar's communication with them is somehow deceptive, unfair, or unconscionable is unfounded, and this Court should dismiss Plaintiffs' FDCPA claim to the extent Plaintiffs wish to impose liability for the November 18, 2014 letter.

The November 18, 2014 letter also does not demand payment of a debt. As alleged, it is simply a response to Plaintiffs' request for information.[5] *See* 15 U.S.C. §§ 1692e (setting forth examples of "false, deceptive, or misleading" representations which could be actionable under the FDCPA); 1692f (setting forth examples of "unfair or unconscionable means to collect or attempt to collect any debt"). Plaintiffs do not allege why they believe the information communicated in Nationstar's November 18, 2014 letter is false, deceptive, unconscionable, or unfair. Instead, and as best as Nationstar can discern, they note that the information communicated here regarding the holder of their promissory note is different than other alleged communications. *See* Amended Complaint, Doc. 7 at 6 n.2 ("At this

---

[5] A copy of the November 18, 2014 letter is attached to the Amended Complaint as Exhibit A-2. Doc 7-1 at 3. This letter contains a footnote stating that "Nationstar is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose." However, "it is largely inconsequential that [Nationstar] may have referred to itself as seeking to collect a debt in letters it sent to the Plaintiff. The relevant test is whether an entity is a debt collector under the statutory definition of the FDCPA, not whether the entity has ever stated in a document that it is a debt collector." *Faulconer v. Mortg. Elec. Registration Sys., Inc.*, No. 5:12-cv-246, 2014 WL 583006, at *8 (M.D. Ga. Feb. 13, 2014).

point it is unclear who is the true owner of the alleged debt. Defendant has named 4 different entities as owner of the alleged debt. This is confusing and deceptive to the least sophisticated consumer."). Simply because Plaintiffs' promissory note changes ownership—and Nationstar's alleged communications to Plaintiffs notify them of the same—is hardly violative of the FDCPA. As Courts in this Circuit have noted:

> The Eleventh Circuit has not established a bright-line rule for determining whether a communication is made in connection with the collection of a debt. [*See, e.g.*, *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1261 (11th Cir. 2014)] (noting that the FDCPA does not define "collection of debt" or "to collect a debt"). Instead, courts undertake a fact specific inquiry. *E.g.*, *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1303 (11th Cir.2014). As a general principle, the absence of a demand for payment is not dispositive. *Id.* at 1303 n. 2. Courts instead consider whether the overall communication was intended to induce the debtor to settle the debt. ***Communications that are merely 'informational' do not constitute debt collection activity***.

*Wood v. Citibank, N.A.*, No. 8:14-cv-2819, 2015 WL 3561494, at *3 (M.D. Fla. June 5, 2015) (emphasis added) (citations omitted). As set forth above, the November 18, 2014 letter makes no attempt to have Plaintiffs pay off any debt. Instead, it only communicates information to Plaintiffs. Plaintiffs' allegations are therefore insufficient, and this Court should prohibit them from stamping Nationstar's innocuous and helpful communication as false, deceptive, unfair, without any allegations as to why Plaintiffs believe this is the case. *Bell Atl. Corp.*

214221.4

6

*v. Twombly*, 550 U.S. 544, 555 (2007) ("[M]ore than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Accordingly, to the extent Plaintiffs rely on the November 18, 2014 letter to sustain their FDCPA claim, their FDCPA claim should be dismissed.

  **2.** *Plaintiffs' "failure to validate debt" claim fails.*

Next, Plaintiffs allege that Nationstar has violated 15 U.S.C. § 1692g because Nationstar failed to respond to Plaintiff's November 24, 2014 debt validation request. Doc. 7 at 6, ¶ 18. However, as this Court recently observed in *Geathers v. Bank of America, N.A.*:

> Finally, to the extent that Plaintiff intended to plead a claim under § 1692g, he has failed to state facts sufficient to raise a plausible claim. Under the FDCPA, if a consumer notifies a debt collector in writing that a debt is disputed, the collector must cease collection of that debt until the debt collector verifies the debt and mails a copy of the verification to the consumer. This is the case, however, only when the consumer notifies the debt collector in writing ***within thirty days of receiving notice of the debt and her right to dispute the debt or request verification of the original creditor***. 15 U.S.C. § 1692g.

No. 1:14-cv-00850, 2015 WL 5089347, at *18 (N.D. Ga. July 6, 2015) (emphasis added) (citations omitted). Here, Plaintiffs allege that they first received notice of the alleged debt and their default to the holder of their promissory note on January 3, 2013. Doc 7 at 5, ¶ 14 ("On January 3, 2013, Defendant information Plaintiffs that the alleged debt was in default to credit Government National Mortgage

Association."). Accordingly, because Plaintiffs failed to request a debt validation within 30 days of receiving notice of the alleged debt, their FDCPA claim under 15 U.S.C. § 1692g fails.

### 3. *The February 2015 Mortgage Payoff Statement does not violate the FDCPA.*

Plaintiffs allege that Nationstar violated 15 U.S.C. § 1692g by sending them the February 2015 Mortgage Payoff Statement attached to the Amended Complaint at Exhibit E. Doc. 7 at 7, ¶ 20 ("On February 9, 2015 Defendant violated FDCPA 1692g by sending a letter requesting payment of alleged debt."). As an initial matter, the Mortgage Payoff Statement is informational only, and does not seek payment of a debt. *See Wood*, 2015 WL 3561494 at *3. The Mortgage Payoff Statement merely communicates to Plaintiffs the remaining balance of their loan, and does not demand payment in by any due date.

In any event, the Mortgage Payoff Statement does not violate 15 U.S.C. § 1692g because Plaintiffs never submitted a timely debt validation request. Plaintiffs presumably argue that the Mortgage Payoff Statement violates 15 U.S.C. § 1692g because it is an alleged attempt to collect the debt even though Plaintiffs allegedly sent a debt validation request. *See* 15 U.S.C. § 1692g. However, Plaintiffs' debt validation request must have been sent within 30 days of being informed of the alleged debt. *Geathers*, 2015 WL 5089347 at *18. *Compare* Doc. 7

214221.4                                   8

at 5, ¶ 14 ("On *January 3, 2013*, Defendant informed Plaintiffs that the alleged debt was in default to credit Government National Mortgage Association."); Doc. 7 at 6, ¶ 18 ("On *November 24, 2014* Plaintiff sent a Debt Validation Request to Defendant . . . ."). Here, Plaintiffs' untimely November 24, 2014 Debt Validation Letter did not require Nationstar to cease any alleged debt collection activities, and the Mortgage Payoff Statement thus could not violate 15 U.S.C. § 1692g. Accordingly, Plaintiffs' FDCPA claim should be dismissed.

**B.** *Plaintiffs' claim under the Georgia Quiet Title Act is barred by their failure to tender their loan balance.*

Plaintiffs' response to Nationstar's motion to dismiss lacks any argument on one of Nationstar's central contentions: Plaintiffs are not entitled to equitable relief under the Georgia Quiet Title Act because "Georgia law requires that a party first tender the amount due under the note and security deed before seeking the equitable remedy of quiet title." *Warthen v. Litton Loan Servicing, LP*, No. 1:11-cv-02704, 2012 WL 4075629, at *5 (N.D. Ga. Mar. 2012). Plaintiffs do not dispute that they are in default of their loan obligations. Doc. 7 at ¶ 9. Plaintiffs also do not allege that they have tendered or offered to tender the amount due on their loan. Accordingly, this Court should dismiss Plaintiffs' claim under the Georgia Quiet Title Act.

## II. CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiffs' claims under the FDCPA and the Georgia Quiet Title Act.

Respectfully submitted 9th day of February, 2016.

>	*/s/ Christopher S. Anulewicz*
>	Christopher S. Anulewicz
>	Georgia Bar Number 020914
>	canulewicz@balch.com
>	Geremy W. Gregory
>	Georgia Bar Number 885342
>	ggregory@balch.com
>	Brooke W. Gram
>	Georgia Bar Number 810901
>	bgram@balch.com
>	R. Maximo Galiana
>	Georgia Bar Number 198935
>	mgaliana@balch.com
>
>	BALCH & BINGHAM LLP
>	30 Ivan Allen Jr. Boulevard, N.W.
>	Suite 700
>	Atlanta, Georgia 30308
>	(404) 261-6020
>
>	*Attorneys for Defendant*
>	*Nationstar Mortgage, LLC*

## **CERTIFICATE OF COUNSEL REGARDING FONT SIZE.**

Counsel certifies that the foregoing has been prepared using Times New Roman font size 14 in accordance with Local Rules 7.1(D).

This 21st day of January, 2016.

                                           */s/ Christopher S. Anulewicz*
                                           Christopher S. Anulewicz
                                           Georgia Bar Number 020914

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Nationstar's *Reply Brief in Support of its Motion to Dismiss the Amended Complaint in Part* has been electronically filed with the Clerk of Court using the CM/ECF system and served upon the following by United States Mail this the 9th day of February, 2016:

>Allisha K. Taylor
>Yaman F. Taylor
>7515 Garnett Drive
>Jonesboro, Georgia 30236

>*/s/ Christopher S. Anulewicz*
>Christopher S. Anulewicz
>Georgia Bar Number 020914