# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALLISHA K. TAYLOR and YAMAN F. TAYLOR, <br><br> Plaintiffs, <br><br> *v.* <br><br> NATIONSTAR MORTGAGE, LLC <br><br> Defendant. | Civil Action Number: <br> 1:15-cv-04403-AT-LTW |

**DEFENDANT NATIONSTAR MORTGAGE, LLC'S MOTION TO STAY PROCEEDINGS PENDING RULING BY THE UNITED STATES SUPREME COURT AND THE D.C. CIRCUIT COURT OF APPEALS**

### I.     INTRODUCTION

Defendant Nationstar Mortgage, LLC ("Nationstar") moves to stay this action pending the outcome of two important appellate court rulings that could be dispositive of the Plaintiffs' TCPA claims in this case: the D.C. Circuit appeal in *ACA International* regarding the definition of an "automatic telephone dialing system" and the U.S. Supreme Court appeal in *Spokeo* regarding the issue of standing. A trial court has broad discretion to stay all proceedings pending the resolution of independent proceedings elsewhere. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A stay is appropriate here so that the parties and this Court

1

can receive clarity on these issues before further time and expense is needlessly incurred.

Plaintiffs' Amended Complaint alleges that Nationstar violated the Telephone Consumer Protection Act ("TCPA"), 47 USC § 227, by placing calls to Plaintiffs' cell phones using an "automatic telephone dialing system" without their consent. *See* Am. Complaint, Doc. 7, at ¶¶ 52, 53. Plaintiffs seek to recover statutory damages of $500 to $1,500 per call for these alleged statutory violations. *Id.* at 15, ¶ g. Accordingly, directly at issue in this case is whether Nationstar used an "automatic telephone dialing system" as defined by the TCPA and by the Federal Communications Commission ("FCC").

The FCC's interpretation of the term "automatic telephone dialing system" ("ATDS") in its July 10, 2015 Order has been challenged on appeal before the D.C. Circuit in *ACA International v. Federal Communications Commission*, No. 15-1211. *See* ACA International Amended Petition for Review, attached hereto as **Exhibit A**. Once the D.C. Circuit rules on this issue, either Plaintiffs' TCPA claim will be meritless, or the ruling will dictate the scope of the issues and discovery needed in this case. Accordingly, pursuant to the Court's inherent authority to administer its own docket, Nationstar seeks a stay of this case pending the D.C. Circuit's decision on the pivotal question of what constitutes an ATDS.

Furthermore, the *Spokeo* case currently pending before the Supreme Court may render this action moot. The Supreme Court granted review in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015), to resolve a conflict among the courts of appeal over "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Pet. for Writ of *Certiorari* in *Spokeo, Inc. v. Robins*, No. 13-1339, 2014 WL 1802228, at \*i (U.S. May 1, 2014) (attached as **Exhibit B**). The Supreme Court held oral argument in this case on November 2, 2015. The outcome in *Spokeo* may well determine that this Court lacks subject-matter jurisdiction over bare statutory violations where, as here, Plaintiffs have suffered no concrete harm. Therefore, *Spokeo* presents an independent basis for granting a stay in this case.

This Court should follow the overwhelming trend of other federal courts staying cases before them which involve issues currently pending appellate review.

## II. ARGUMENT

A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This discretion is "incident to [a district court's] power

to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *see also Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (quotation marks omitted); *Robinson v. Section 23 Prop. Owner's Ass'n*, No. 2:12-cv-675-FtM-29CM, 2014 WL 2215757, at *6 (M.D. Fla. May 27, 2014) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).

A. ***Other federal courts, including on in this District, have granted stays in precisely the same circumstances.***

In less than a year, at least 17 federal court decisions have granted stays of TCPA cases in light of the pending *Spokeo* and *ACA International* appeals, three of which were brought by Nationstar. *See Compressor Eng'g Corp. v. Thomas*, No. 10-10059, slip op. at 11 (E.D. Mich. Feb. 3, 2016) (granting motion to stay because "the Supreme Court's decision in *Spokeo* may speak to whether this Court has subject matter jurisdiction over this action") (attached hereto as **Exhibit C**); *Hannhan Endodontic Grp., P.C. v. Inter-Med, Inc.*, No. 15-C-1038, 2016 WL 270224, at *1 (E.D. Wis. Jan. 20, 2016) (granting motion to stay under *Spokeo*); *Tyler v. Nationstar Mortg., LLC*, No. 4:15cv532, 2016 WL 420284, at *1 (N.D. Fla. Jan. 15, 2016) (granting motion to stay under *Spokeo*); *Abplanalp v. United Collection Bureau, Inc.*, No. 3:15-CV-203-RJC-DCK, 2016 WL 81498, at *2-3

(W.D.N.C. Jan. 7, 2016) (granting motion to stay pending *ACA Int'l* ruling by the D.C. Circuit); *Tel. Sci. Corp. v. Asset Recovery Sols.*, *LLC*, No. 15 C 5182, 2016 WL 47916, at *2-6 (N.D. Ill. Jan. 5, 2016) (granting motion to stay based on *Spokeo*); *Lennartson v. Papa Murphy's Holdings*, *Inc.*, No. C15-5307 RBL, 2016 WL 51747, at *4-5 (W.D. Wash. Jan. 5, 2016) (granting motion to stay based on *Spokeo*); *Davis v. Nationstar Mortg., LLC*, No. 15-CV-4944, slip op. (E.D. Pa. Jan. 4, 2016) (granting motion to stay based on *Spokeo*) (attached hereto as **Exhibit D**); *Acton v. Intellectual Capital Mgmt.*, No. 15-CV-4004(JS)(ARL), 2015 U.S. Dist. LEXIS 172149 (E.D.N.Y. Dec. 28, 2015) (granting motion to stay pending rulings in *Spokeo*, *ACA Int'l* and another Supreme Court case); *Fontes v. Time Warner Cable, Inc.*, No. CV14-2060-CAS(CWx) (C.D. Cal. Dec. 17, 2015) (granting motion to stay pending the D.C. Circuit's *ACA International* ruling) (attached hereto as **Exhibit E**); *Frederick Luster v. Sterling Jewelers*, 1:15-cv-2854-WSD, slip op. (N.D. Ga. Dec. 17, 2015) (granting motion to stay based on *Spokeo* and another Supreme Court appeal) (attached hereto as **Exhibit F**); *Tel. Science Corp. v. Hilton Grand Vacations Co., LLC*, No. 6:15-cv-969-Orl-41DAB, 2015 WL 7444409, at *3 (M.D. Fla. Nov. 20, 2015) (granting motion to stay based on *Spokeo*); *Mackiewicz v. Nationstar Mortg., LLC*, No.6:15-CV-00465 (M.D. Fla. Nov. 10, 2015) (granting motion to stay in light of the *ACA International* and

*Spokeo* appeals) (attached hereto as **Exhibit G);** *Gensel v. Performant Techs., Inc.*, No. 13-cv-1196, 2015 WL 6158072 (E.D. Wis. Oct. 21, 2015) (granting stay in light of *ACA International* appeal); *Duchene v. Westlake Services, LLC*, No. 2:13-CV-01577, 2015 WL 5947669 (W.D. Pa. Oct. 13, 2015) (granting motion to stay pending ruling in *Spokeo* and another Supreme Court case); *Eric B. Fromer Chiropractic, Inc. v. New York Life Ins. and Ann. Corp.*, No. CV-15-04767, 2015 WL 6579779, at *2 (C.D. Cal. Oct. 19, 2015) (granting motion to stay pending *Spokeo* and another Supreme Court decision); *Boise v. Ace USA, Inc.*, No. 15-21264, 2015 WL 4077433, at *5-6 (S.D. Fla. July 6, 2015) (staying TCPA case pending *Spokeo* decision); *Williams v. Elephant Ins. Co.*, 2015 WL 3631691 (E.D. Va. May 27, 2015) (staying TCPA case pending *Spokeo* and another Supreme Court decision).

The *Luster v. Sterling Jewelers* case is particularly on point because it involved a decision by Northern District of Georgia Judge William Duffey, Jr. to stay a TCPA case. *See* Ex. F. Judge Duffey relied on a recent decision from the Middle District of Florida, which held that, "because *Spokeo* is likely to be dispositive, '[t]here is little advantage to proceeding with discovery and motions practice where the viability of much of the claims is to be shortly ascertained, especially considering that those claims will be the topic of such discovery and

6

motions practice.'" *Id.* at 6 (quoting *Tel. Science Corp. v. Hilton Grand Vacations Co., LLC*, No. 6:15-cv-969-Orl-41DAB, 2015 WL 7444409, at *3 (M.D. Fla. Nov. 20, 2015)). Judge Duffey further held that, "[a] stay also is warranted (i) to avoid unnecessary expenditures of time and resources, (ii) because a decision on both Supreme Court cases is expected in the next few months, and (iii) because there is a public interest in judicial economy and efficiency." *Id.* at 7.

**B.**     ***The relevant factors all weigh in favor of granting a stay in this case.***

In determining whether a stay is appropriate, courts examine several factors: (1) the interest of the plaintiff in proceeding expeditiously with the civil action as balanced against the prejudice to the plaintiff from delay; (2) the burden on defendant; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest. *Zanghi v. FreightCar Am., Inc.*, 38 F. Supp. 3d 631, 642 (W.D. Pa. 2014); *see also Freedom Sci., Inc. v. Enhanced Vision Sys.*, No. 8:11-CIV-1194-T-17-AEP, 2012 U.S. Dist. LEXIS 11410, at *2 (M.D. Fla. Jan. 31, 2012) (examining whether a stay will (1) unduly prejudice or tactically disadvantage the non-moving party; (2) simplify the issues and streamline the trial; and (3) reduce the burden of litigation on the parties and on the court). As Judge Duffey found, these factors weigh in favor of granting a stay here.

   **1.**     ***The requested stay will be relatively short in duration and will not prejudice Plaintiffs.***

Plaintiffs will not be prejudiced by a relatively short stay of these proceedings. *Spokeo* already has been fully briefed and was argued before the Supreme Court on November 2, 2015. The case will be decided sometime between now and late June when the current Supreme Court Term ends. *See Compressor Eng'g*, No. 10-10059, slip op. at 11-12 ("The Court also finds that a stay in this action is not likely to prejudice or harm Plaintiff, the putative class, or the public because oral argument in *Spokeo* occurred in November and a decision should be forthcoming before the end of the Supreme Court's current term.") (Ex. C); *Hannahan*, 2016 WL 270224, at *1 ("Hannahan argues that it would be prejudiced by the delay, but *Spokeo* was argued in November and a decision can be expected by the end of the Supreme Court's current term in June of 2016.").

Similarly, in *ACA International*, the D.C. Circuit set a briefing schedule that ends last month, February 2016 (**Exhibit H** hereto), and the district court in *Fontes* expressed its belief that the D.C. Circuit's decision "is likely anticipated by the end of next year." *Fontes*, slip op. at 8 (Ex. E). This is not the sort of time frame that would prejudice Plaintiffs. *See Fromer Chiropractic*, 2015 WL 6579779, at *2 (staying proceedings pending decision in *Spokeo* and another case, and explaining that the Supreme Court is likely to issue decisions on those cases within the year); *Mackiewicz v. Nationstar*, No. 6:15-cv-465-Orl-18GJK, slip op. at 2 ("the Court

8

cannot conceive of any significant prejudicial effects that would result from a stay order") (Ex. G hereto). Moreover, Plaintiffs cannot show that they are suffering any continuing harm that would be exacerbated by a stay. *See Gusman v. Comcast Corp.*, No. 13CV1049-GPC(DHB), 2014 WL 2115472, at *4 (S.D. Cal. May 21, 2014) ("Plaintiff will not be prejudiced since he stopped receiving calls . . . and the case is in the early stages of litigation.").

> **2.  Without a stay, Nationstar will suffer harm in the form of unnecessary litigation fees and expenses and judicial economy will be compromised.**

In contrast to the lack of harm to Plaintiffs from imposing a stay, there is no question that Nationstar will incur actual harm in the form of time and expense incurred to litigate this case if a stay is not granted. Courts have found litigation expense sufficient to demonstrate actual prejudice to justify a stay. *See, e.g.*, *Tyler*, 2016 WL 420284, at *1 (holding that a stay "would limit what might prove to be unnecessary expenditures of time and resources on discovery" and "would promote judicial economy"); *Stone v. Sterling Infosystems, Inc.*, No. 2:15-CV-00711, 2015 WL 4602968, at *2 (E.D. Cal. July 29, 2015) (staying case pending the decision in *Spokeo* because the plaintiff could be deprived of standing "after significant party and judicial resources are expended"); *Luster v. Sterling Jewelers*, 1:15-cv-2854-WSD, slip op. at 7 (finding that a stay under *Spokeo* was warranted "to avoid

9

unnecessary expenditures of time and resources") (Ex. F); *Mackiewicz*, No. 6:15-cv-465-Orl-18GJK, slip op. at 2 (granting Nationstar's motion to stay under *Spokeo* and *ACA International* in part because "a stay would reduce the burden of litigation on the parties and the Court") (Ex. G hereto).

### 3. *Granting a stay will streamline the proceedings by simplifying the issues and promoting judicial economy.*

Granting a stay will simplify the issues and promote judicial economy. Depending upon how the D.C. Circuit and U.S. Supreme Court rule in their respective appeals, Plaintiffs' claims could be extinguished; at the very least, these rulings will dictate the scope of the issues and discovery needed in this case and would streamline any trial. With the benefit of the D.C. Circuit's and Supreme Court's rulings, the parties can engage in more focused litigation based on the insight provided by these courts, thus reducing the burden of litigation on the parties and on the Court. *See, e.g.*, *Lambert*, 2014 WL 4187250, at *3 (finding that a stay would spare the costs of discovery on issues that could be rendered moot by FCC rulings). The following is a brief description of each pending appeal and how it may impact this case.

#### a. *The autodialer definition before the D.C. Circuit.*

Plaintiffs seek to hold Nationstar liable for allegedly calling their cell phones using ATDS. *See* Doc. 7 at ¶¶ 52, 53. The TCPA defines an ATDS as "equipment

which has the *capacity*—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. 227(a)(1) (emphasis added). Most modern dialers, including Nationstar's, are not designed to generate and dial numbers using a "random or sequential number generator." Therefore, a number of businesses and industry groups filed petitions with the FCC asking whether the word "capacity" meant the "*present* capacity" of the equipment at the time the calls were made—which would absolve Nationstar from TCPA liability—or whether it meant *future* "capacity" to generate and dial random or sequential numbers through changes in hardware or software. *See* July 10, 2015 FCC Ruling at ¶ 11, attached hereto as **Exhibit I**.

In its July 10, 2015 Ruling, the FCC responded that "the capacity of an autodialer is not limited to its current configuration but also includes its potential functionalities." *Id.* at ¶ 16. In other words, any computerized equipment, including a smartphone, can be an ATDS under the FCC's expansive definition because all it requires is the ability to download software or install hardware that allows for random or sequential number generation. While the FCC admitted that there must be some limit to determining what equipment constituted an ATDS, the only example it could give was that a "rotary-dial phone" could not be converted into an

autodialer. *Id.* at ¶ 18. Beyond that, the FCC refused to give any specific guidance as to what did or did not constitute an ATDS. *Id.*

The FCC's expansive definition of what constitutes an ATDS led to the D.C. Circuit appeal in *ACA International*. ACA International's amended petition for review challenges the FCC's Ruling as arbitrary and capricious, an abuse of discretion, and as inconsistent with various constitutional provisions. *See* Ex. A, ACA Amended Petition at 3. The ACA amended petition further challenges the FCC's definition of an ATDS to include "predictive dialers" as exceeding the FCC's statutory authority and going beyond Congress's intent under the TCPA. *Id.* Various other petitioners and intervenors from many industry groups and companies also filed briefs in the case arguing that the FCC's definition of an ATDS is inconsistent with the TCPA's text, history and purpose as well as being arbitrary and capricious. Thus, the outcome of these petitions for review will have a direct and substantial impact on Plaintiffs' TCPA claims in this case. The very definition of an ATDS – which is a central element of Plaintiffs' TCPA claims here – will be decided by the D.C. Circuit appeal.

      **b.**    ***The* Spokeo *appeal may be dispositive of Plaintiffs' standing here.***

The *Spokeo* petition has been filed to resolve a conflict among the federal courts of appeal over "[w]hether Congress may confer Article III standing upon a

plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Ex. B. As the petitioner in *Spokeo* explains, the lower courts are deeply divided over "whether a statutory violation, unaccompanied by any concrete injury, is sufficient to establish Article III standing." *Id.* at 9-12. The *Spokeo* petition also explains that the question presented implicates claims brought under a wide range of federal statutes like the TCPA. *Id.* at 16-19. Here, Plaintiffs seek statutory damages for Nationstar's alleged violation of the TCPA. Plaintiffs do not allege any concrete or particularized injury. As such, should the Supreme Court resolve the question presented in favor of Spokeo, the decision would dispose of this matter. Even if the Supreme Court were to resolve the issue against Spokeo, the decision may at least narrow the scope of the litigation. Either way, judicial economy would be served by holding this case in abeyance pending the Supreme Court's decision.

With the benefit of the D.C. Circuit's and Supreme Court's rulings, the parties can engage in more focused litigation based on the insight provided by these courts, thus reducing the burden of litigation on the parties and on the Court. *See, e.g.*, *Fromer Chiropractic*, 2015 WL 6579779, at *2 (holding that in light of the potential impact of the Supreme Court's rulings, the parties "would face the

risk of dedicating substantial resources to proceedings that may ultimately prove unnecessary" if a stay were not granted); *Lambert*, 2014 WL 4187250, at *3 (finding that a stay would spare the costs of discovery on issues that could be rendered moot by FCC rulings). Moreover, judicial economy is served by entering a stay here. *See, e.g.*, *Duchene*, 2015 WL 5947669, at *4 ("interests of judicial economy favor a stay"); *Hillson v. Kelly Services, Inc.*, 2:15-CV-10803, 2015 WL 4488493, at *1 (E.D. Mich. July 15, 2015) (staying case "because *Spokeo* has the high potential to be completely dispositive of the instant case and because judicial economy favors a limited delay in awaiting the *Spokeo* decision"). Accordingly, a short stay will promote efficiency for the Court and the parties.

### III. CONCLUSION

For all the foregoing reasons, Nationstar respectfully requests that the Court stay these proceedings until the outcome of the Supreme Court's *Spokeo* decision and the D.C. Circuit's *ACA International* decision.

(Signature on following page)

Respectfully submitted this 11th day of March, 2016.

        */s/ Christopher S. Anulewicz*
        Christopher S. Anulewicz
        Georgia Bar Number 020914
        canulewicz@balch.com
        Geremy W. Gregory
        Georgia Bar Number 885342
        ggregory@balch.com
        Brooke W. Gram
        Georgia Bar Number 810901
        bgram@balch.com
        R. Maximo Galiana
        Georgia Bar Number 198935
        mgaliana@balch.com

        BALCH & BINGHAM LLP
        30 Ivan Allen Jr. Boulevard, N.W.
        Suite 700
        Atlanta, Georgia 30308
        (404) 261-6020

        *Attorneys for Defendant*
        *Nationstar Mortgage, LLC*

## **CERTIFICATE OF COUNSEL REGARDING FONT SIZE.**

Counsel certifies that the foregoing has been prepared using Times New Roman font size 14 in accordance with Local Rules 7.1(D).

This 11th day of March, 2016.

                                          */s/ Christopher S. Anulewicz*
                                          Christopher S. Anulewicz
                                          Georgia Bar Number 020914

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of Nationstar's *Defendant Nationstar's Motion to Stay Proceedings Pending Ruling by the United States Supreme Court and the D.C. Circuit Court of Appeals* has been electronically filed with the Clerk of Court using the CM/ECF system and served upon the following by United States Mail this 11th day of March, 2016:

> Allisha K. Taylor
> Yaman F. Taylor
> 7515 Garnett Drive
> Jonesboro, Georgia 30236

> */s/ Christopher S. Anulewicz*
> Christopher S. Anulewicz
> Georgia Bar Number 020914