IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALLISHA K. TAYLOR and YAMAN F. TAYLOR,<br><br>Plaintiffs,<br><br>*versus*<br><br>NATIONSTAR MORTGAGE LLC,<br><br>Defendant. | Civil Action File Number:<br>1:15-CV-4403-AT-LTW |

**DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDMENT TO NOTICE OF REMOVAL**

This Court should not remand Plaintiff's claim under the Georgia Quiet Title Act to the Superior Court of Clayton County. Plaintiffs and Defendant Nationstar Mortgage LLC ("Nationstar") are completely diverse, and the amount in controversy in this case exceeds $75,000.00. 28 U.S.C. § 1332 is thus satisfied. To the extent the jurisdictional allegations in Nationstar's Notice of Removal, Doc. 1., are deficient, Nationstar is able to cure such deficiencies. Contemporaneously herewith, Nationstar has filed its Motion for Leave to File Amendment to Notice of Removal, the grounds of which are set forth below. A copy of the proposed Amendment to Notice of Removal is attached thereto as Exhibit A ("Amendment").

1

For the following reasons, the Court should not adopt the Magistrate Judge's Report and Recommendation, Doc. 18 ("Report"), to the extent it recommends remand. It should allow Nationstar to file the Amendment. Nationstar does not object to the remaining portions of the Report, and concurs with the Magistrate Judge's recommendations with respect to Plaintiffs' FDCPA claim.

## I. RELEVANT BACKGROUND

On July 29, 2016, the Magistrate Judge issued the Report. It dismissed Plaintiffs' claims under the federal Fair Debt Collection Practices Act ("FDCPA").[1] Report at 12–22. In addition, the Magistrate Judge concluded that it lacked diversity jurisdiction to adjudicate Plaintiffs' claim under the Georgia Quiet Title Act because Nationstar had insufficiently alleged the citizenship of its members, and its members' members, in Nationstar's Notice of Removal. *Id.* at 1–10. Because the Magistrate Judge found that the Court lacked diversity jurisdiction and supplemental jurisdiction over Plaintiff's claim under the Georgia Quiet Title Act, she recommended that this claim be remanded to the Superior Court of Clayton County, Georgia. *Id.* at 22. Plaintiffs' claim under the federal Telephone Consumer Protection Act remains with this Court.

---

[1] The Court should adopt the Magistrate Judge's recommendation to dismiss Plaintiffs' FDCPA claim.

2

For purposes of diversity jurisdiction, "[a] limited liability company . . . unlike a corporation, is a citizen of any state in which one of its members is a citizen, not of the state where the company was formed or has it principal office." *Id.* at 3. The Magistrate Judge found that Nationstar insufficiently alleged its citizenship because the Notice of Removal only addresses those entities which "own" Nationstar, not those entities which are members of Nationstar. *Id.* at 5–6. Specifically, the Magistrate Judge found that as a matter of Delaware law, "one can have an ownership interest in a limited liability company without being a member." *Id.* at 5. "The reverse is true as well," that is, one can be a member in an LLC without being an owner. *Id.* Because Nationstar's Notice of Removal only contains allegations regarding Nationstar's owners, the question of the citizenship of Nationstar's members remains unaddressed. With the proposed Amendment, however, this is no longer the case.

With respect to Nationstar's allegations of diversity of citizenship in the Notice of Removal, the Magistrate Judge stated:

> To the extent that Nationstar can allege additional facts showing all of the members of Nationstar, Nationstar may request to amend its Notice of Removal to add necessary jurisdictional facts and may explain in objections to this Report and Recommendation how such facts demonstrate that the parties are completely diverse.

Report at 7 n.1. For the following reasons, the Amendment Nationstar proposes to file adds the necessary jurisdictional facts contemplated by the Report. The Court should allow Nationstar to file the Amendment, and decline to adopt the portion of the Report recommending remand to the Superior Court of Clayton County.

**II.   ARGUMENT**

Contemporaneously herewith, Nationstar has filed its Motion for Leave to File Amendment to Notice of Removal. The proposed Amendment comprehensively addresses the Magistrate Judge's concerns. The Amendment is accompanied by an affidavit from Mr. A.J. Loll, Vice President of Nationstar. Mr. Loll testifies as to the following:

- Nationstar is a Delaware limited liability company.

- Nationstar has two members: Nationstar Sub1 LLC ("Sub1") and Nationstar Sub2 LLC ("Sub2"). Sub1 has a 99% membership interest in Nationstar, and Sub2 has a 1% membership interest in Nationstar.

- Nationstar has no other members.

- Sub1 and Sub2 are Delaware limited liability companies. Nationstar Mortgage Holdings, Inc. ("NSM Holdings") is the sole member of both Sub1 and Sub2. NSM Holdings has a 100% membership interest in both Sub1 and Sub2.

4

- Sub1 and Sub2 have no other members.

- NSM Holdings is incorporated in Delaware. Its principal place of business is in 8950 Cypress Waters Boulevard in Coppell, Texas.

Therefore, as supported by Mr. Loll's testimony, Nationstar is a citizen of Texas and Delaware for purposes of diversity jurisdiction under 28 U.S.C. § 1332. This is so because its members are LLCs, and the members' sole member is NSM Holdings, a Delaware corporation with its principal place of business in Texas.

As set forth above, Nationstar has fully addressed the Magistrate Judge's concerns regarding Nationstar's citizenship. The Court should not adopt the portion of the Report recommending remand; instead, the Court should allow Nationstar the opportunity to file the Amendment.

### III. CONCLUSION

For the foregoing reasons, the Court should decline to adopt the Report to the extent it recommends remand to the Superior Court of Clayton County.

(Signature on following page)

Respectfully submitted this 12th day of August, 2016.

/s/ Christopher S. Anulewicz
Christopher S. Anulewicz
Georgia Bar Number 020914
canulewicz@balch.com
Geremy W. Gregory
Georgia Bar Number 885342
ggregory@balch.com
R. Maximo Galiana
Georgia Bar Number 198935
mgaliana@balch.com

BALCH & BINGHAM LLP
30 Ivan Allen Jr. Boulevard, N.W.
Suite 700
Atlanta, Georgia 30308
T: (404) 261-6020

*Attorneys for Defendant*
*Nationstar Mortgage LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2016, a true and correct copy of Defendant Nationstar Mortgage LLC's Objections to Magistrate Judge's Report and Recommendation and Memorandum of Law in Support of Defendant's Motion for Leave to File Amendment to Notice of Removal was filed with the Court using the CM-ECF system and served on Plaintiffs Allisha K. Taylor and Yaman F. Taylor at 7515 Garnett Drive, Jonesboro, Georgia 30236, via First Class United States mail, properly addressed and postage prepaid.

/s/ Christopher S. Anulewicz
Christopher S. Anulewicz
Georgia Bar Number 020914