IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALLISHA K. TAYLOR and YAMAN F. TAYLOR, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | |
| NATIONSTAR MORTGAGE LLC, | : : | CIVIL ACTION NO. 1:15-cv-4403-AT |
| Defendant. | : : | |

## **ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation [Doc. 18] that this Court dismiss Plaintiffs' Fair Debt Collection Practices Act claims and then sever and remand to state court Plaintiffs' quiet title claims because Defendant failed to properly allege diversity jurisdiction.

Plaintiffs filed no objections to the R&R. Defendant objected only on the basis that it should be permitted to amend its Notice of Removal to cure the jurisdictional deficiencies found therein, so that Plaintiffs' quiet title claims can be heard alongside their Telephone Consumer Protection Act claims in federal court.

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate Judge's R&R for clear error if no objections are filed to the report. 28 U.S.C. § 636(b)(1). If a party files objections, however, the district court must determine de novo any

part of the Magistrate Judge's disposition that is the subject of a proper objection. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b).  As Defendant filed timely objections to the portion of the R&R recommending severing Plaintiffs' state law claims and remanding them to state court, the Court reviews that portion of the R&R de novo.

The Magistrate Judge recommended that the Court sever Plaintiffs' state law claims and remand them to state court because Nationstar, which is an LLC, failed to adequately identify the citizenship of all of its members in its Notice of Removal.  Accordingly, the Magistrate Judge could not ascertain whether or not the Court had jurisdiction.  *See Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).

However, the Magistrate Judge also recommended that "[t]o the extent that Nationstar can allege additional facts showing all of the members of Nationstar, Nationstar may request to amend its Notice of Removal to add necessary jurisdictional facts and may explain in objections to this Report and Recommendation how such facts demonstrate that the parties are completely diverse." (R&R at 7 n. 1.)

Nationstar has done just that, and has filed a Motion for Leave to File Amendment to Notice of Removal.  [Doc. 22.]  In its Motion to Amend, Nationstar sufficiently identifies the citizenship of its members all the way down the line.  (Doc. 22-1 at 3-4 (identifying the citizenship of all members of

Nationstar, and the citizenship of the members of members of NationStar, and concluding that "Nationstar is a citizen of Delaware and Texas")).

In addition, Nationstar identifies sufficient facts to show that the amount in controversy requirement is met.  The Court has sometimes declined to assume in foreclosure and mortgage-related cases that the amount in controversy is greater than $75,000.00 just because a Defendant identifies the mortgage loan amount or the purported property value, especially when a plaintiff does not appear to be seeking to void a mortgage.  However, as Nationstar notes, Plaintiffs here seek "[i]njunctive relief barring Defendants from bringing future actions against Plaintiffs."  (Am. Compl. at 14.)  It appears that Plaintiffs are, in essence, arguing that the mortgage loan encumbering the property is void.  Plaintiffs' Security Deed shows that the value of the loan secured by their home was $131,200.00 as of February 21, 2007, and bore an adjustable rate and a balloon payment rider.  Even if Plaintiffs had a modest interest rate and made all of their payments (which evidently they did not), it is likely that their mortgage balance still exceeded $100,000.00 at the time the lawsuit was filed.  Thus the Court finds that Nationstar has provided evidence suggesting that Plaintiffs seek to void well more than $75,000.00 in mortgage debt.

And Nationstar attaches evidence demonstrating that the property value was recently assessed at more than $85,000.00.  (Doc. 22-1 at 36.)  Plaintiffs thus stand to gain $85,000.00 in equity if they prevail in this matter.  The Court

finds this sufficiently alleges that the amount in controversy requirement is met, and therefore **GRANTS** Defendant's Motion for Leave to file Amendment to Notice of Removal [Doc. 22] and **OVERRULES** the portion of the R&R remanding this matter to state court.  The Court notes that the Magistrate Judge properly foresaw this result if Defendant did in fact amend their notice of removal.  All other recommendations have been reviewed for clear error.  The Court finds none.

Accordingly, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the Magistrate Judge's Report and Recommendation [Doc. 18] as the opinion of the Court.  For the reasons stated in Magistrate Judge's Report and Recommendation, Plaintiffs' FDCPA claims are **DISMISSED**.  The Court **DECLINES TO ADOPT** the portion of the R&R recommending remand, because Nationstar has cured the defects in its Notice of Removal by amending it. Plaintiffs' state law claims and claims under the Telephone Consumer Protection Act[1] shall proceed in this Court.  The Court **REFERS** this matter back to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED** this 22nd day of August, 2016.

_____
**Amy Totenberg
United States District Judge**

---

[1] Defendant did not seek to dismiss these claims.

4