IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALLISHA K TAYLOR and
YAMAN F. TAYLOR,

     Plaintiffs,

     *versus*

NATIONSTAR MORTGAGE
LLC,

     Defendant.

Civil Action File Number:
l:15-cv-04403-AT-LTW

## DEFENDANT NATIONSTAR MORTGAGE LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Nationstar Mortgage LLC ("Nationstar") hereby answers Plaintiffs' *Amended Complaint*, Doc. 7 ("Amended Complaint"), and sets forth its defenses below.

### GENERAL AND AFFIRMATIVE DEFENSES

1.    Plaintiffs have failed to state a claim for which relief can be granted.

2.    Plaintiffs are not entitled to equitable relief in connection with her loan or mortgage because such relief is barred by the doctrine of unclean hands.

1

3.      Plaintiffs consented to being contacted in connection with the loan or mortgage, and their claim under the Telephone Consumer Protection Act ("TCPA") is therefore meritless.

4.      Nationstar intends to rely on all proper defenses available at trial. At this time, Nationstar asserts the above affirmative and general defenses as well as the defenses set forth in Federal Rule of Civil Procedure 8 so as to not waive these defenses as a matter of law. To the extent discovery in this litigation clarifies that certain defenses are inapplicable to Plaintiff's allegations, Nationstar will amend its defenses before trial.

**ANSWERING SPECIFIC ALLEGATIONS IN THE COMPLAINT**

Without waiving any of the defenses set forth above, Nationstar answers Plaintiffs' allegations as follows:

**Answering Section Titled "Nature of this Action"**

1.      The allegations in Paragraph 1 constitute legal assertions or conclusions to which no response is required. To the extent a response is required, Nationstar denies the allegations in Paragraph 1.

2.      Nationstar denies the allegations in Paragraph 2.

3.     Nationstar denies the allegations in Paragraph 3.

**Answering Section Titled "Jurisdiction & Venue"**

4.     Nationstar admits that Plaintiffs' property as identified in the Amended Complaint is located in Clayton County, Georgia. The remaining allegations in Paragraph 4 constitute legal assertions or conclusions to which no response is required. To the extent a response is required, Nationstar admits the allegations in Paragraph 4.

5.     The allegations in Paragraph 5 constitute legal assertions or conclusions to which no response is required. To the extent a response is required, Nationstar admits the allegations in Paragraph 5.

**Answering Section Titled "Parties"**

6.     Upon information and belief, Nationstar admits the allegations in Paragraph 6.

7.     Nationstar admits that it is authorized to do business in Georgia, and that it maintains a Registered Agent at 40 Technology Parkway South, Suite 300, Norcross, Georgia, 30092. The remaining allegations in this Paragraph are denied.

8.     Denied as stated.

9.      This Court has dismissed Plaintiffs' claim under the federal Fair Debt Collection Practices Act ("<u>FDCPA</u>"). *See* Order, Doc. 23. Therefore, no response from Nationstar is required with respect to the allegations in Paragraph 9, which pertain to Plaintiffs' former FDCPA claim. To the extent a response is required, Nationstar denies the allegations the Paragraph 9.

### Answering Section Titled "Introduction"

10.     Nationstar denies that Plaintiffs are entitled to the relief they seek and which is referenced in this Paragraph. The remaining allegations in Paragraph 10 constitute legal assertions or conclusions to which no response is required. To the extent a response is required, Nationstar denies the remaining allegations in Paragraph 10.

### Answering Section Titled "Background"

11.     Admitted that Plaintiffs initiated this litigation on November 16, 2015 in the Superior Court of Clayton County, Georgia. The remaining allegations are denied as stated.

### Answering Section Titled "I. Allegations of Fact"

12.     This Court has dismissed Plaintiffs' claim under the FDCPA.

*See* Order, Doc. 23. Therefore, no response from Nationstar is required with respect to the allegations in Paragraph 12, which pertain to Plaintiffs' former FDCPA claim. To the extent a response is required, Nationstar denies the allegations the Paragraph 12.

13.     Upon information and belief, Nationstar admits that Plaintiffs, on or about February 21, 2007, purchased a residential property at 7515 Garnet Drive, Jonesboro, Georgia. The remaining allegations in Paragraph 13 reference the contents of certain documents attached to the Amended Complaint which speak for themselves. To the extent the remaining allegations in Paragraph 13 are inconsistent with these documents, the allegations are denied.

14.     The letter attached to the Amended Complaint as Exhibit B speaks for itself. To the extent the allegations in Paragraph 14 are inconsistent with Exhibit B, the allegations are denied.

15.     The assignment attached to the Amended Complaint as Exhibit C speaks for itself. To the extent the allegations in Paragraph 15 are inconsistent with Exhibit C, the allegations are denied. The remaining allegations in Paragraph 15 are denied.

16.     The MERS "rules and regulations" referenced in Paragraph 16 speak for themselves. To the extent the allegations in Paragraph 16 are inconsistent with the MERS "rules and regulations," the allegations are denied. Nationstar lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 16; therefore, these allegations are denied.

17.     Nationstar admits that the Bank of New York Mellon, as Trustee for HELT 207-FRE1, held Plaintiffs' promissory note on or about November 18, 2014. The letters attached to the Amended Complaint as Exhibits A1 and A2 speak for themselves. To the extent the allegations in Paragraph 17 are inconsistent with Exhibits A1 and A2, the allegations are denied. To the extent the allegations in the Paragraph imply that Nationstar has "deceived" Plaintiffs or has acted unlawfully in any way, the allegations in Paragraph 17 are denied. Any remaining allegations in Paragraph 17 are denied.

18.     This Court has dismissed Plaintiffs' claim under the federal Fair Debt Collection Practices Act ("FDCPA"). *See* Order, Doc. 23. Therefore, no response from Nationstar is required because Plaintiffs have

no claim with respect to the "Debt Validation Request[s]" referenced in Paragraph 18. To the extent a response is required, Nationstar denies the allegations the Paragraph 18 to the extent they are inconsistent with the documents attached to the Amended Complaint as Exhibits A3 and A4.

19.     The documents attached to the Amended Complaint as Exhibits D1-3 and D4 speak for themselves. To the extent the allegations in Paragraph 19 are inconsistent with Exhibits D1-3 and D4, the allegations are denied. To the extent the allegations in Paragraph 19 constitute legal assertions or conclusions, no response is required. To the extent a response is required, Nationstar denies the allegations in Paragraph 19.

20.     This Court has dismissed Plaintiffs' claim under the FDCPA. *See* Order, Doc. 23. Therefore, no response from Nationstar is required with respect to the allegations in Paragraph 20, which pertain to Plaintiffs' former FDCPA claim. To the extent a response is required, Nationstar denies the allegations the Paragraph 20.

21.     This Court has dismissed Plaintiffs' claim under the FDCPA. *See* Order, Doc. 23. Therefore, no response from Nationstar is required with respect to the allegations in Paragraph 21, which pertain to Plaintiffs'

former FDCPA claim. To the extent a response is required, Nationstar denies the allegations the Paragraph 21.

22.     This Court has dismissed Plaintiffs' claim under the FDCPA. *See* Order, Doc. 23. Therefore, no response from Nationstar is required with respect to the allegations in Paragraph 22, which pertain to Plaintiffs' former FDCPA claim. To the extent a response is required, Nationstar denies the allegations the Paragraph 22.

### Answering Section Titled "II. TCPA Allegations of Fact"

23.     To the extent the allegations in Paragraph 23 state or imply that Nationstar lacked Plaintiffs' consent to contact them, the allegations are denied. To the extent the allegations in Paragraph 23 constitute legal assertion or conclusions, no response is required. To the extent a response is required, the allegations are denied. Moreover, Nationstar lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 23 regarding the existence, time, form, and content of the alleged message. Therefore, the allegations are denied.

24.     To the extent the allegations in Paragraph 24 state or imply that Nationstar lacked Plaintiffs' consent to contact them, the allegations

are denied. To the extent the allegations in Paragraph 24 constitute legal assertion or conclusions, no response is required. To the extent a response is required, the allegations are denied. Moreover, Nationstar lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 24 regarding the existence, time, form, and content of the alleged message. Therefore, the allegations are denied.

25.    To the extent the allegations in Paragraph 25 state or imply that Nationstar lacked Plaintiffs' consent to contact them, the allegations are denied. To the extent the allegations in Paragraph 25 constitute legal assertion or conclusions, no response is required. To the extent a response is required, the allegations are denied. Moreover, Nationstar lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 25 regarding the existence, time, form, and content of the alleged message. Therefore, the allegations are denied.

26.    To the extent the allegations in Paragraph 26 state or imply that Nationstar lacked Plaintiffs' consent to contact them, the allegations are denied. To the extent the allegations in Paragraph constitute legal assertion or conclusions, no response is required. To the extent a response

is required, the allegations are denied. Moreover, Nationstar lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 26 regarding the existence, time, form, and content of the alleged message. Therefore, the allegations are denied.

27.     To the extent the allegations in Paragraph 27 state or imply that Nationstar lacked Plaintiffs' consent to contact them, the allegations are denied. To the extent the allegations in Paragraph 27 constitute legal assertion or conclusions, no response is required. To the extent a response is required, the allegations are denied. Moreover, Nationstar lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 27 regarding the existence, time, form, and content of the alleged message. Therefore, the allegations are denied.

28.     To the extent the allegations in Paragraph 28 state or imply that Nationstar lacked Plaintiffs' consent to contact them, the allegations are denied. To the extent the allegations in Paragraph 28 constitute legal assertion or conclusions, no response is required. To the extent a response is required, the allegations are denied. Moreover, Nationstar lacks sufficient knowledge or information to admit or deny the remaining

allegations in Paragraph 28 regarding the existence, time, form, and content of the alleged message. Therefore, the allegations are denied.

29.    To the extent the allegations in Paragraph 29 state or imply that Nationstar lacked Plaintiffs' consent to contact them, the allegations are denied. To the extent the allegations in Paragraph 29 constitute legal assertion or conclusions, no response is required. To the extent a response is required, the allegations are denied. Moreover, Nationstar lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 29 regarding the existence, time, form, and content of the alleged message. Therefore, the allegations are denied.

30.    To the extent the allegations in Paragraph 30 state or imply that Nationstar lacked Plaintiffs' consent to contact them, the allegations are denied. To the extent the allegations in Paragraph 30 constitute legal assertion or conclusions, no response is required. To the extent a response is required, the allegations are denied. Moreover, Nationstar lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 30 regarding the existence, time, form, and content of the alleged message. Therefore, the allegations are denied.

31.    To the extent the allegations in Paragraph 31 state or imply that Nationstar lacked Plaintiffs' consent to contact them, the allegations are denied. To the extent the allegations in Paragraph 31 constitute legal assertion or conclusions, no response is required. To the extent a response is required, the allegations are denied. Moreover, Nationstar lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 31 regarding the existence, time, form, and content of the alleged message. Therefore, the allegations are denied.

32.    To the extent the allegations in Paragraph 32 state or imply that Nationstar lacked Plaintiffs' consent to contact them, the allegations are denied. To the extent the allegations in Paragraph 32 constitute legal assertion or conclusions, no response is required. To the extent a response is required, the allegations are denied. Moreover, Nationstar lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 32 regarding the existence, time, form, and content of the alleged message. Therefore, the allegations are denied.

33.    To the extent the allegations in Paragraph 33 state or imply that Nationstar lacked Plaintiffs' consent to contact them, the allegations

are denied. To the extent the allegations in Paragraph 33 constitute legal assertion or conclusions, no response is required. To the extent a response is required, the allegations are denied. Moreover, Nationstar lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 33 regarding the existence, time, form, and content of the alleged message. Therefore, the allegations are denied.

34.    To the extent the allegations in Paragraph 34 state or imply that Nationstar lacked Plaintiffs' consent to contact them, the allegations are denied. To the extent the allegations in Paragraph 34 constitute legal assertion or conclusions, no response is required. To the extent a response is required, the allegations are denied. Moreover, Nationstar lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 34 regarding the existence, time, form, and content of the alleged message. Therefore, the allegations are denied.

35.    To the extent the allegations in Paragraph 35 state or imply that Nationstar lacked Plaintiffs' consent to contact them, the allegations are denied. To the extent the allegations in Paragraph 35 constitute legal assertion or conclusions, no response is required. To the extent a response

is required, the allegations are denied. Moreover, Nationstar lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 35 regarding the existence, time, form, and content of the alleged message. Therefore, the allegations are denied.

36.     To the extent the allegations in Paragraph 36 state or imply that Nationstar lacked Plaintiffs' consent to contact them, the allegations are denied. To the extent the allegations in Paragraph 36 constitute legal assertion or conclusions, no response is required. To the extent a response is required, the allegations are denied. Moreover, Nationstar lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 36 regarding the existence, time, form, and content of the alleged message. Therefore, the allegations are denied.

37.     To the extent the allegations in Paragraph 37 state or imply that Nationstar lacked Plaintiffs' consent to contact them, the allegations are denied. To the extent the allegations in Paragraph 37 constitute legal assertion or conclusions, no response is required. To the extent a response is required, the allegations are denied. Moreover, Nationstar lacks sufficient knowledge or information to admit or deny the remaining

allegations in Paragraph 37 regarding the existence, time, form, and content of the alleged message. Therefore, the allegations are denied.

38.     To the extent the allegations in Paragraph 38 state or imply that Nationstar lacked Plaintiffs' consent to contact them, the allegations are denied. To the extent the allegations in Paragraph 38 constitute legal assertion or conclusions, no response is required. To the extent a response is required, the allegations are denied. Moreover, Nationstar lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 38 regarding the existence, time, form, and content of the alleged message. Therefore, the allegations are denied.

39.     To the extent the allegations in Paragraph 39 state or imply that Nationstar lacked Plaintiffs' consent to contact them, the allegations are denied. To the extent the allegations in Paragraph 39 constitute legal assertion or conclusions, no response is required. To the extent a response is required, the allegations are denied. Moreover, Nationstar lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 39 regarding the existence, time, form, and content of the alleged message. Therefore, the allegations are denied.

**Answering Section Titled "Factual Allegations to**
**Quiet Title O.C.G.A. 23-3-60 et seq."**

40.     Paragraph 40 contains no factual allegations against Nationstar, and therefore no response from Nationstar is required. To the extent a response is required, Nationstar denies the allegations in Paragraph 40.

41.     The documents attached to the Amended Complaint as Exhibits F1 and F-7 speak for themselves. To the extent the allegations in Paragraph 41 are inconsistent with Exhibits F1 and F-7, the allegations are denied. Moreover, Nationstar lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 41; therefore, the allegations are denied.

42.     The documents attached to the Amended Complaint as Exhibit F1, F5, and F6, speak for themselves. To the extent the allegations in Paragraph 42 are inconsistent with Exhibits F1, F5, and F6, the allegations are denied. To the extent the allegations in Paragraph 42 constitute legal assertions or conclusions, no response is required. To the extent a response is required, Nationstar denies the allegations in Paragraph 42. The remaining allegations in Paragraph 42 are denied.

43.     Nationstar denies the allegations in Paragraph 43.

44.     To the extent the allegations in Paragraph 44 constitute legal assertions or conclusions, no response is required. To the extent a response is required, Nationstar denies the allegations in Paragraph 44. Nationstar denies that Plaintiffs are entitled to any relief in connection with this claim. Moreover, the document attached to the Amended Complaint as Exhibit C speaks for itself. To the extent the allegations in Paragraph 44 are inconsistent with Exhibit C, the allegations are denied. The remaining allegations in Paragraph 44 are denied.

45.     The documents attached to the Amended Complaint as Exhibits F8 through F15 speak for themselves. To the extent the allegations in Paragraph 45 are inconsistent with Exhibits F8 through F15, the allegations are denied.

### Answering Section Titled "Count I Violations of the FDCPA 15 U.S.C. § 1692, et seq."

46.     This Court has dismissed Plaintiffs' claim under the FDCPA. See Order, Doc. 23. Therefore, no response from Nationstar is required with respect to the allegations in Paragraph 46, which pertain to Plaintiffs' former FDCPA claim. To the extent a response is required, Nationstar

restates and reincorporates its answers to Paragraphs 1 through 45, as set forth above, as though fully set forth herein.

47.   This Court has dismissed Plaintiffs' claim under the FDCPA. *See* Order, Doc. 23. Therefore, no response from Nationstar is required with respect to the allegations in Paragraph 47, which pertain to Plaintiffs' former FDCPA claim. To the extent a response is required, Nationstar denies the allegations the Paragraph 47.

48.   This Court has dismissed Plaintiffs' claim under the FDCPA. *See* Order, Doc. 23. Therefore, no response from Nationstar is required with respect to the allegations in Paragraph 48, which pertain to Plaintiffs' former FDCPA claim. To the extent a response is required, Nationstar denies the allegations the Paragraph 48.

49.   This Court has dismissed Plaintiffs' claim under the FDCPA. *See* Order, Doc. 23. Therefore, no response from Nationstar is required with respect to the allegations in Paragraph 49, which pertain to Plaintiffs' former FDCPA claim. To the extent a response is required, Nationstar denies the allegations the Paragraph 49.

50.   This Court has dismissed Plaintiffs' claim under the FDCPA.

*See* Order, Doc. 23. Therefore, no response from Nationstar is required with respect to the allegations in Paragraph 50, which pertain to Plaintiffs' former FDCPA claim. To the extent a response is required, Nationstar denies the allegations the Paragraph 50.

### Answering Section Titled "Count II Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, et seq."

51.    Nationstar restates and reincorporates its answers to Paragraphs 1 through 50, as set forth above, as though fully set forth herein.

52.    Nationstar denies the allegations in Paragraph 52.

53.    At this time, Nationstar lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 53. Therefore, the allegations are denied.

54.    Nationstar denies that Plaintiffs did not provide consent to be contacted. At this time, Nationstar lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 54. Therefore, the allegations are denied.

55.    Nationstar lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 55. Therefore, the allegations are

denied.

56.     Nationstar lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 56. Therefore, the allegations are denied. Moreover, to the extent the allegations in Paragraph 56 constitute legal assertions or conclusions, no response is required. To the extent a response is required, the allegations are denied.

57.     Nationstar denies the allegations in Paragraph 57.

### Answering the Complaint as a Whole

Nationstar denies all the allegations in the Amended Complaint which are not specifically admitted, denied, or denied for lack of information or knowledge to admit or deny.

WHEREFORE, having fully answered the Amended Complaint, Nationstar respectfully requests that the Court deny the relief Plaintiffs seek, and further enter judgment in favor of Nationstar, either upon an appropriate dispositive motion or at trial, and for all further relief this Court finds just and proper.

(Signature on following page)

20

Respectfully submitted this 6th day of September, 2016.

/s/ Christopher S. Anulewicz
Christopher S. Anulewicz
Georgia Bar Number 020914
canulewicz@balch.com
Geremy W. Gregory
Georgia Bar Number 885342
ggregory@balch.com
R. Maximo Galiana
Georgia Bar Number 198935
mgaliana@balch.com

BALCH & BINGHAM LLP
30 Ivan Allen Jr. Boulevard, N.W.
Suite 700
Atlanta, Georgia 30308
T: (404) 261-6020
F: (404) 261-3656

*Attorneys for Defendant*
*Nationstar Mortgage LLC*

21

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 6, 2016 a true and correct copy of Defendant Nationstar Mortgage LLC's *Answer and Affirmative Defenses* has been filed with the Court using the CM/ECF system and served upon Plaintiffs via First Class United States Mail, properly addressed and postage prepaid, to:

> Allisha K. Taylor
> Yaman F. Taylor
> 7515 Garnett Drive
> Jonesboro, Georgia 30236

> /s/ Christopher S. Anulewicz
> Christopher S. Anulewicz
> Georgia Bar Number 020914