IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALLISHA K TAYLOR and YAMAN F. TAYLOR,<br><br>Plaintiffs,<br><br>*versus*<br><br>NATIONSTAR MORTGAGE LLC,<br><br>Defendant. | Civil Action File Number:<br>l:15-cv-04403-AT-LTW |

**DEFENDANT NATIONSTAR MORTGAGE LLC'S BRIEF IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT <u>ON THE PLEADINGS</u>**

Pursuant to Federal Rule of Civil Procedure 12(c) and other applicable law, Defendant Nationstar Mortgage LLC ("<u>Nationstar</u>") hereby submits this brief in support of its Motion for Partial Judgment on the Pleadings, filed contemporaneously herewith:

**I. INTRODUCTION**

Plaintiffs' Complaint and Amended Complaint are improper shotgun pleadings filed in an attempt to stall the non-judicial foreclosure sale of their property. Nationstar moved to dismiss Plaintiffs' Complaint, and

223236.2

Plaintiffs filed an Amended Complaint attempting to cure the initial Complaint's deficiencies. [Doc. 7]. Nationstar then moved to partially dismiss Plaintiffs' Amended Complaint, specifically, requesting dismissal of Plaintiffs' Georgia Quiet Title Act claim and Fair Debt Collection Practices Act ("FDCPA") claim. [Doc. 9].

The Magistrate Judge recommended dismissing Plaintiffs' FDCPA claim, but also recommended severing and remanding Plaintiffs' Georgia quiet title claim, partially, finding Nationstar's Notice of Removal failed to adequately identify the members of Nationstar and failed to demonstrate complete diversity of citizenship between the parties. [Doc. 18]. In response, Nationstar moved to amend its Notice of Removal. [Docs. 21, 22]. The District Court adopted the Magistrate Judge's Recommendation related to the dismissal of the FDCPA claims, but declined to remand the Georgia quiet title claims given Nationstar's Amended Notice of Removal. [Doc. 23]. The District Court granted Nationstar's Motion for Leave to File Amendment to Notice of Removal and found Nationstar's proposed amendment satisfied the Court's diversity jurisdiction. [Doc. 23].

Because Plaintiffs' Georgia quiet title claim has not been remanded, and because the Magistrate Judge and District Court did not consider the underlying merits of Nationstar's Motion to Dismiss related to this claim, Nationstar now files this Motion for Partial Judgment on the Pleadings related to Plaintiffs' Georgia quiet title claim. The Court should dismiss Plaintiffs' Georgia quiet title claim.

## II.   BRIEF FACTUAL BACKGROUND

Plaintiffs executed a Security Deed on February 21, 2007 naming Mortgage Electronic Registration Systems, Inc. ("MERS") as grantee and Fremont Investment & Loan as lender ("First Security Deed"). A copy of the First Security Deed is attached hereto as **Exhibit A**. Plaintiffs' $131,200.00 loan is secured by 7515 Garnet Drive, Jonesboro, Georgia 30236 ("Subject Property"). Plaintiffs' First Security Deed was assigned by MERS as Nominee for Fremont Investment & Loan to Nationstar on May 3, 2013 ("First Assignment"). A copy of the First Assignment is attached hereto as **Exhibit B**. Plaintiffs' First Security Deed was then assigned by Nationstar to Newcastle Mortgage Securities Trust 2007-1 on September 9, 2014 ("Second Assignment"). A copy of the Second Assignment is

attached hereto as **Exhibit C**. Nationstar still services this loan for Newcastle. As admitted by Plaintiffs, at some point prior to the First Assignment, Plaintiffs defaulted on their loan obligations under the First Security Deed. *See* Doc. 7 at ¶ 9. According to documents attached to the Amended Complaint, Plaintiffs were in default under the terms of the Security Deed as of, at least, January 3, 2013, and as of February 9, 2015, Plaintiffs were still several payments behind on their mortgage. *See* Doc. 7-2 at 2; Doc. 7-3 at 7.

Plaintiffs also executed a second Security Deed on February 21, 2007, naming MERS as grantee and Fremont Investment & Loan as lender ("Second Security Deed"). The Second Security Deed is attached hereto as **Exhibit D**. Plaintiffs' additional $32,800.00 loan evidenced and secured by the Second Security Deed is also secured by the Subject Property. Plaintiffs also executed a third Subordinate Deed to Secure Debt on July 15, 2013 naming Georgia's Hardest Hitting Funds Affordable Housing, Inc. as lender and borrowing $26,698.00 ("Third Security Deed"). A copy of the Third Security Deed is attached hereto as **Exhibit E**. The Second and Third

4

Security Deeds and the loans made thereunder are not at issue in this litigation.

Plaintiffs also filed a *Declaration of Assignee's Update of Land Grant* in the Clayton County land records on October 28, 2014 and executed a *Declaration of Homestead* on October 24, 2014. Doc. 7-4 at 2-16; at 20-22. Plaintiffs allege that by virtue of the *Declaration of Assignee's Update of Land Grant*, *see* Doc. 7-4 at 2, they are current fee simple title holders to the Subject Property. Doc. 7 at ¶¶ 40–41. They also claim that they are fee simple holders "conveyed from the State Archives of the State of Georgia." *Id.* at ¶ 42. Plaintiffs claim that Nationstar "violated" their title to the Subject Property by recording the Second Assignment on October 23, 2014, *id.* at ¶ 43, and that Nationstar has clouded their title in the Subject Property. *Id.* at ¶ 44.

### III. ARGUMENT AND CITATION OF AUTHORITY

#### A. Motion for Judgment on the Pleadings Standard

"Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v.*

5

*Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). Courts accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party. *Id.* Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are decided according to the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Dorsey v. Ga. Dep't of State Road & Tollway Auth. SRTA*, 2009 WL 2477565, at * (N.D. Ga. Aug. 10, 2009) ("Although Defendant's motion is now construed as arising under Rule 12(c), the . . . Rule 12(b)(6) standards apply to the construed Rule 12(c) motion." (citations omitted)).

A Rule 12(b)(6) motion to dismiss may be granted when a plaintiff fails to comply with notice pleading requirements. *See Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985). Rule 8 requires a complaint to contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). To comply with Rule 8, a complaint must provide "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Charles H. Wesley Educ. Found., Inc. v. Cox*, 408 F.3d 1349, 1352 (11th Cir. 2005) (internal quotations omitted). While notice pleadings do not require a plaintiff to

allege specific facts "to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all of the material elements necessary to sustain a recovery under some viable legal theory." *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (internal quotations omitted).

To avoid dismissal, the Supreme Court has held that a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court must take the allegations pleaded in the Complaint as true, the Court is not required to accept as true Plaintiff's unwarranted deductions of fact or Plaintiff's legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

The *pro se* filing of a complaint is held to less stringent standards than pleadings drafted by lawyers, however, "the Court [] 'need not accept as true legal conclusions or unwarranted factual inferences' in pro se complaints." *Fobbs v. SunTrust Mortg.*, No. 1:10-cv-2583-TWT-CCH, 2011 WL 1541278, at *2 (N.D. Ga. 2011) (quoting *Montgomery v.*

*Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2006)). This leniency does not excuse a *pro se* plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. *Fobbs*, 2011 WL 1541278, at *2 (citing *Trawinski v. United Techs.*, 313 F.3d 1295, 1297 (11th Cir. 2002)).

For the following reasons, Plaintiffs have failed to meet these basic pleading standards, and the Georgia quiet title claim in the Amended Complaint should be dismissed pursuant to Rule 12(c).

**B.    Plaintiffs have failed to state a quiet title claim pursuant to O.C.G.A. § 23-3-62.**

    **1.    Plaintiffs have failed to tender the amount due on the loan.**

Plaintiffs seek the equitable remedy of removing an alleged cloud on their title to the Subject Property. Georgia's Quiet Title Act provides a mechanism for "removing any cloud upon the title to land" and "conclusively establishing that certain named persons are the owners of all the interests in land." O.C.G.A. § 23-3-60. "However, in cases involving mortgages, Georgia law requires that a party first tender the amount due under the note and security deed before seeking the equitable remedy of quiet title." *Warthen v. Litton Loan Servicing, LP*, No. 1:11-CV-02704, 2012 WL 4075629, at * 5 (N.D. Ga. Mar. 2012) (citing *Sapp v. ABC Credit*

*& Inv. Co.*, 243 Ga. 151, 158 (1979)); *Cummings v. Mortgage Electronic Registration Systems*, No. 1:13-CV-3302-TWT, 2014 WL 3767797, at *7 n. 48 (N.D. Ga. July 20, 2014) ("Courts in this district have applied [the tender] requirement to quiet title actions."). "Neither poverty nor fraud excuses this requirement." *Warthen*, 2012 WL 4075629, at * 5.

Plaintiffs admit they were in default on their loan obligations when Nationstar began servicing Plaintiffs' loan. Doc. 7 at ¶ 9. Plaintiffs do not contend that they have tendered or intend to tender the amount due on the loan. Nor do Plaintiffs contend that they have paid off the mortgage loan in full to satisfy the Security Deed. Accordingly, Plaintiffs' quiet title claim fails. *See Warthen*, 2012 WL 4075629, at * 5 (dismissing quiet title action for failure to comply with tender requirement); *Cummings*, 2014 WL 3767797, at *7 ("The Plaintiff's § 23-3-40 claim fails because the Plaintiff has not alleged that he paid off the mortgage loan in full to satisfy the Security Deed or that his signature on the Security Deed was false.").

### 2. Plaintiffs lack standing to challenge the assignments of the Security Deed.

Plaintiffs base their quiet title claim on their allegations that any assignments of the Security Deed or Note are "invalid [and] voidable."

9

Doc. 7 at ¶ 44. Plaintiffs lack standing to challenge the validity of the assignment of the Note and/or Security Deed. *See Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246 (11th Cir. July 13, 2015); *Edward v. BAC Home Loans Servicing, L.P.*, 534 Fed. Appx. 888, 891 (11th Cir. 2013) (holding plaintiff does not have standing to contest the validity of the assignment of the security deed because plaintiff was not a party to the assignment); *Gardner v. TBO Capital, LLC*, 986 F. Supp. 2d 1324, 1333 (2013); *Baker v. CitiMortgage, Inc.*, No. 1:13-CV-0477-WSD, 2013 WL 4217433, at *3 n. 10 (N.D. Ga. Aug. 14, 2013) ("To the extent Plaintiff argues that the Assignment is defective or fraudulent, Plaintiff was not a party to the Assignment and therefore does not have standing to challenge its validity."); *Milburn v. Aegis Wholesale Corp.*, No. 1:12-cv-01886-RWS, 2013 WL 1136983 (N.D. Ga. March 18, 2013) (same); *Rosenhaft v. BAC Home Loans Servicing, LP*, No. 1:11-cv-2519-TWT, 2012 WL 484842 (N.D. Ga. Feb. 13, 2012) (same). Therefore, to the extent Plaintiffs' quiet title claims are based on the assignments, their claim fails.

### 3. Plaintiffs fail to comply with Georgia Quiet Title Act.

Plaintiffs' quiet title claim fails because they have not satisfied all applicable statutory requirements. The Georgia's Quiet Title Act, O.C.G.A. § 23-3-60, *et seq.*, provides a "special statutory proceeding designed . . . to provide a speedy method to determine the title to land." *James v. Gainey*, 231 Ga. 543, 544, 2 (1974). "The purpose of this part is to create a procedure for removing any cloud upon the title to land . . . so there shall be no occasion for land in the state to be unmarketable because of any uncertainty as to the owner of every interest therein." O.C.G.A. § 23-3-60.

"To state a claim for quiet title relief, a plaintiff must allege more than a right to acquire title; he must allege that he presently holds current title or current prescriptive title." *Dykes Paving & Const. Co., Inc. v. Hawk's Landing Homeowners Ass'n, Inc.*, 282 Ga. 305, 305 (2007) (internal quotations and citations omitted). Even if Plaintiffs had properly alleged they had current prescriptive or legal title to the land, the Amended Complaint fails to comply with the requirements of O.C.G.A. § 23-3-62 because Plaintiffs fail to state the grounds upon which they seek to remove the "cloud" on their property. Under Georgia law, when a proceeding is

brought to remove a particular cloud, Plaintiffs' pleadings must contain "a statement as to the grounds upon which it is sought to remove the cloud or clouds." *Joseph v. Citimortgage*, No. 1:11-CV-2768-TWT, 2011 WL 5156817, at * 2 (N.D. Ga. Oct. 27, 2011) (citing O.C.G.A. § 23-3-62(b)); *see also Hull v. CitiBank, N.A.*, No. 1:13-CV-492-RWS, 2013 WL 4955584, at * 4 (N.D. Ga. Sept. 11, 2013) (same).

Plaintiffs have failed to explain how the Second Assignment is a cloud on their title. Plaintiffs lack standing to challenge the basis for the assignment of the loan. Further, the Amended Complaint contains no factual allegations explaining why the Security Deed securing the interest in Plaintiffs' real property is invalid. Given their deficient allegations, Plaintiffs fail to give Nationstar notice of the factual allegations upon which Plaintiffs' quiet title claim is based. Further, "Plaintiff[s] do[] not allege that [they] satisfied [their] underlying loan obligations. Plaintiff[s] therefore lacks current record title or current prescriptive title to the Property, and h[er] claim for quiet title is required to be dismissed." *Bragg v. Bank of America, N.A.*, No. 1:14-CV-564-WSD, 2014 WL 2154190, at *

3 n. 5 (N.D. Ga. May 21, 2014). Accordingly, Plaintiffs' quiet title claim fails.

## IV.    CONCLUSION

For the reasons outlined above, Nationstar respectfully requests that this Court grant its Motion for Partial Judgment on the Pleadings

Respectfully submitted this 6th day of September, 2016.

/s/ Christopher S. Anulewicz
Christopher S. Anulewicz
Georgia Bar Number 020914
canulewicz@balch.com
Geremy Gregory
Georgia Bar Number 885342
ggregory@balch.com
Brooke W. Gram
Georgia Bar Number 810901
bgram@balch.com

BALCH & BINGHAM LLP
30 Ivan Allen Jr. Blvd. N.W.
Suite 700
Atlanta, Georgia 30308
Telephone: (404) 261-6020
Facsimile: (404) 261-3656

*Attorneys for Defendant
Nationstar Mortgage LLC*

**CERTIFICATE OF COUNSEL REGARDING FONT SIZE**

Counsel certifies that the foregoing has been prepared using Times New Roman font size 14 in accordance with Local Rules 5.1(B)(3) and 7.1(D).

This 6th day of September, 2016.

                                              */s/ Christopher S. Anulewicz*
                                              Christopher S. Anulewicz
                                              Georgia Bar Number 020914

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Defendant Nationstar Mortgage LLC's Brief in Support of Motion for Partial Judgment on the Pleadings has been filed with the Court using the CM/ECF system and served upon the following by First Class United States Mail, properly addressed and postage prepaid, on this the 6th day of September, 2016:

        Allisha K. Taylor
        Yaman F. Taylor
        7515 Garnett Drive
        Jonesboro, Georgia 30236

                /s/ Christopher S. Anulewicz
                Christopher S. Anulewicz
                Georgia Bar Number 020914