IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALLISHA K TAYLOR and <br> YAMAN F TAYLOR <br>     Plaintiffs, <br><br> v. <br><br> NATIONSTAR MORTGAGE, LLC <br><br>     Defendant | Civil Action No: <br> **1:15-cv-04403-AT-LTW** |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF MAGISTRATE'S JUDGE ORDER DOC#34 TO THE HONORABLE DISTRICT JUDGE AMY M. TOTENBERG

Plaintiffs, ALLISHA K. TAYLOR and YAMAN F. TAYLOR, (Plaintiffs) hereby respectfully object to the Magistrates Non-Final Report and Recommendation (the "R&R") [34] and appeals to the District Judge (Doc. 34), filed May 4th, 2017. The Court should have allowed for discovery to obtain additional information surrounding the Plaintiffs Amended Complaint. Plaintiff opposed the Defendants Judgment on the Pleading and requested discovery to allow fact finding matters that would have revealed the securitization of the alleged debt. (Doc #27, p6, sub D) Never the less, Plaintiffs was able to obtain a publicly available copy of the New Castle Mortgage Trust 2007-1 Prospectus, Pooling

Servicing Agreement (PSA), and the graphic chart online from the EDGAR SEC database that shows how the Plaintiffs alleged debt was securitized. **(Exhibit A)**

Additionally, the Court should have considered this case on its own facts and the equites of this particular situation. The Magistrate Judge erred in not considering the distinguished merits of this case. Discovery should be allowed to commence in Plaintiffs Quiet Title action, or in the alternative, Plaintiffs Quiet Title should be granted.

## I. INTRODUCTION

Early in 2007, Plaintiffs executed a Promissory Note payable to who the Plaintiffs thought were the original secured creditor Freemont Investment & Loan. (Amend Comp, 13). The Magistrates R&R states that the plaintiffs have not tendered the amount due under the Note and Security Deed. Nowhere in the Plaintiffs complaint does the plaintiff mention a security deed, nor does the Defendant introduce a Note for the record. Additionally, the R&R uses the Defendants submission of a security deed to show its interests in land contrary to the Promissory Note alleged by the Plaintiffs. There are several things in error or that goes against the facts in this case and has not been proven by the Defendant:

1. Plaintiff's complaint states the alleged debt (Amend Comp, 14), not once does Plaintiffs subject itself to any "so called loan". Loan may be defined as…the delivery by one party to, and the receipt by another party of, a sum of money upon

2

an agreement express or implied, to repay the sum with or without interest. Parsons v Fox, 179, Ga. 605. The word "money" in its usual and ordinary acceptation means gold, silver, or paper money used as a circulating medium or exchange" e.v. Railey 280 Ky 319, 133 SW2d 75.

2. The Security Deed or assignments (Doc#26, Ex A, B, C) does not attach itself to any collateral and is unenforceable since the Defendant has not shown any value given by them to enforce the instrument. Citing…U.C.C. 9-203 (a)(b). Thus, the Defendant has not proved standing to enforce the introduced security deed, nor do they possess the original promissory note. These subtle mixing and switching of words used by the Defendant, is what has led the Magistrate to err in the R&R that denies the Plaintiffs pursuit of its Quiet Title action.

Under Georgia Law, The highest court of the State (Georgia Supreme Court) has ruled that A petition of "Quiet Title" is subject to dismissal only when on the face of the pleadings it appears that it is in noncompliance with OCGA § 23-3-60 et seq. See…**GHG, INC. et al. v. BRYAN et al. No. S02A0630. (Ga. 2002)** Akin to Bryan, the Plaintiff established a claim of current title based on unrecorded and recorded instruments of "Land Grant" as well as a plat of survey, thus satisfying the statutory requirements. Therefore, Plaintiffs petition is not subject to dismissal. Id. at 1. Discovery should be allowed to commence in Plaintiffs Quiet Title action, or in the alternative, Plaintiffs Quiet Title should be granted.

## II. RELEVANT BACKGROUND

The Plaintiffs Quiet Title action comes down to which entity has the best title? Plaintiffs have met the requirements to quiet all claims against its valid legal "Land Grant." The United States Supreme Court has defined a Land Grant/Patent this

3

way: In Marvin M. Brandt Revocable Trust v. United States 572 U.S. ___ (2014) the U.S. Supreme Court defined grant/patent this way:

A land patent is an official document reflecting a grant that is made public, or "patent." The patent conveyed to the Brandts fee simple title to the land "with all the rights, privileges, immunities, and appurtenances, of whatsoever nature, thereunto belonging, unto said claimants, their successors and assigns, forever." App. to Pet. for Cert. 76.

In the Magistrates R&R, the Judge ruled that Plaintiffs have not tendered the amount due under the Note and Security Deed. (R&R, p5) The Defendant in this case, **has not** presented the Note, and it is **not** part of the record. For its part, the Defendant uses a security deed to show its interests in Land, which would be sufficient if the central issue was a wrongful foreclosure or an attempted foreclosure case. Since this is not a foreclosure case… under the Universal Commercial Code (U.C.C) Article 3§3-501, Georgia adopted, Plaintiffs are entitled for presentment of the instruments. The Defendants must present the instruments (Note and Deed) to the Plaintiffs to prove their standing in its interests in land.

The R&R as well as the Defendants motion (Doc #26) makes no claim of actually holding the Note, but uses case law that reference the Note and Security deed. Citing p5 of the R&R…Thus, Georgia law requires that a party first tender the amount due under the note and security deed. Therefore under the U.C.C. 3&3-501 a hearing should be scheduled so Plaintiffs and Court can view the original note along with the security deed to determine its authenticity.

4

Further, under Fed. R. Evid. 1002 the original Note is needed to validate any interests that the Defendant has in this matter. The "best evidence" rule allows for authentic documents to be used to determine authenticity of all documents.

The R&R mentions "their loan" (R&R, p5). Typically, a loan consists of two primary instruments: 1. The promissory note; 2. The security deed. These two instruments are separate, but interrelated. The Note and security deed are to travel together from one lender to another. If an originating lender decided to sell a mortgage loan, that lender would endorse and physically transfer the note (a negotiable instrument) to a new holder, and assign the security deed to that holder as well. The parties would then record the assignment in the county deed room, giving record notice to the homeowner and all the world of who held the mortgage.

The R&R also states that the Plaintiffs have not tendered an amount to the Creditor (R&R, p6). Through obtaining a copy of the publicly available PSA and Prospectus, the Plaintiff now knows who the parties at interest are, and who the real "Creditor and Holder In Due Course" really is. Defendant has admitted they are only the servicer for New Castle Mortgage Securities Trust 2007-1 and not the Creditor or Holder in Due Course of the alleged debt. (Doc 26, Ex C)

Plaintiff's objects and appeals for the following reasons:

- **The Magistrates Order Attempts to Set Aside The Land Grant**

5

- **Cases Cited In The R&R Focus on Wrongful Foreclosure**

- **The Assignments Recorded is a cloud Upon Plaintiff's Land Grant**

- **The Alleged Loan Has Been Securitized**

- **Plaintiff's Has Not had the chance for Presentment of Instruments**

As explained in more detail below, the Magistrates R&R should be rejected and discovery allowed to commence in Plaintiffs Quiet Title action, or in the alternative, Plaintiffs Quiet Title should be granted.

### III. LEGAL ANALYIS

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (quoting Nettles v. Wainwright, 677 F.2d 404, 408 (5th Cir. Unit B 1982) After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); Williams, 681 F.2d at 732. Federal Rule of Civil Procedure 72(b)(2) states that a "party may serve and file objections to" a Magistrate Judge's dispositive order, (3) and "[t]he district judge must determine de novo any part of the Magistrate judge's disposition that has been properly objected to. The district

judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

## IV. SPECIFIC OBJECTIONS

### A. The Magistrates Order Attempts to Set Aside The Land Grant

Defendant Nationstar's claim of title emanates from a security deed given by a dissolved company Fremont Investment & Loan. (Doc. 26, Ex A) (Cary v Guiragossian, Spartan Mortgage Inc. v Guiragossian Nos. S98A1134, S98A1139, Ga) This security deed is junior to the Plaintiffs Land Grant. The Magistrates Recommendation emanates a clear error at law by attempting to set aside a valid legal **"Land Grant"**. **(Exhibit, B)** A title of security deed is only a "color of title" which Black Law 2nd Ed defines as…"The appearance, semblance or simulacrum of title. Any fact, extraneous to the act or mere will of the claimant, which has the appearance, on its face, of supporting his claim of a present title to land, but which, for some defect, in reality falls short of establishing it. Citing Wilcox v. Jackson, 13, Peter (US) 498…THE GRANT ALONE PASSES LAND FROM the United States of America TO THE STATE OF GEORGIA TO THE GRANTEE (Plaintiffs) AND NOTHING PASSES A PERFECT TITLE TO PUBLIC LANDS BUT A GRANT/PATENT. Wilcox v. Jackson, 13 Peter (US) 498;

A Land Patent/Grant **cannot be set aside**, or avoided at law in any trial. Citing…Gibson v Chauteau, 13 Wall 92 (1871) The patent/grant is the instrument which, under the laws of congress, passes title from the United States and the patent/grant when regular on its face, is conclusive evidence of title in the patentee, when there is a confrontation between two parties as to the superior legal title, the patent/grant is conclusive evidence as to ownership.

Plaintiff's hold a current superior title conveyed by written instrument of "Land Patent/Grant". **This Land Grant is conveyed and assigns forever** legal title to the Plaintiff **(See, Exhibit B7).** The Fee-simple title was obtained by way of Plaintiff as Assignee to a said portion of Land Grant. This Grant is unimpeachable at law, except when it appears on its face to be void. Once perfect on its face, it is not to be avoided in a trial at law by anything other than an elder Grant. Hooper et al v Scheimer, 64 US. (23 how) 235 (1859) Citing…**"A patent, once issued, is the highest evidence of title, and is final determination of the existence of all facts,"** [Walton v. United States, 415 f2d 121,123 (10th cir. (1969)] A patent is **the highest evidence of title, and is conclusive against the government and all claiming under junior titles, until it is set aside or annulled by some judicial tribunal."** [Stone v. United States, 1 Well. (67 U.S. 765 (1865)]" "the patent is **the instrument which, under the laws of congress, passes title from the United States and the patent when regular on its ,face, is conclusive evidence of title**

8

**in the patentee, when there is a confrontation between two parties as to the superior legal title, the patent is conclusive evidence as to ownership."** [Gibson v. Chauteau, 13 Wall 92 (1871)] **"the patent is prima facie conclusive evidence of the title."** [Marsh v. Brooks, 49 U.S. 223,233 (1850)] (1887)] As stated above, this Land Grant is unimpeachable at law and cannot be avoided in a trial, therefore the Plaintiffs should allowed to continue with discovery pursuing its Quiet Title action.

### B. Cases Cited In The R&R Focus on Wrongful Foreclosure

Plaintiffs are not in any foreclosure actions! All the case law used in the R&R cites wrongful foreclosure cases and other Georgia laws. The governing case concerning the Plaintiffs case should have been Johnson v Bank Of America ( July 14, 2015,Civ. Action No. A15A0688, Ga Ct App) **(See, Exhibit C)** Since this case is one of diversity jurisdiction, the Court must look to the laws of the state to decide this case. *See... Semtek Intl. Inc. v Lockheed Martin Corp., 531 U.S. 497, 508 (121 SCt 1021, 149)* The highest Court to rule on a Quiet Title Action against all the world (O.C.G.A. 23-3-60 et seq.) is the Court of Appeals Of Georgia. See...Johnson v Bank Of America ( July 14, 2015,Civ. Action No. A15A0688, Ga Ct App) **Citing p7**...*A Plaintiff in a quiet title action need not be a party to possible clouds in order bring a quiet title action in an attempt to remove those clouds. In Johnson, the Court further stated...that although Johnson was not a*

9

*party to the assignments that he challenges does not destroy his standing to assert that those assignments are clouds upon his title.* This ruling is controlling when it comes to Quiet Title actions as the Georgia Supreme Court has denied Certiorari. For the foregoing reasons, the Magistrates R&R should be rejected and discovery allowed to commence in Plaintiffs Quiet Title action, or in the alternative, Plaintiffs Quiet Title should be granted.

**C. The Assignments Recorded is a cloud Upon Plaintiff's Land Grant**

Plaintiffs obtained its Land Grant on June 10, 2014 (**Exhibit B6, Amend Comp, p42**) The assignment of the Newcastle Mortgage Securities Trust 2007-1 was made public in the Clayton County records on October 23, 2014 (Doc 26, Ex C) and therefore, brings slander on the Plaintiffs absolute title. (Amend Comp, p43). The elements of a slander of title claim require a plaintiff to present evidence that a defendant recorded a document in the public deed records. (Doc. 26, Ex C) Giles v. Swimmer, Case No. S11A1371, (Ga., March 5, 2012), The Georgia the Supreme Court has also recently ruled that a Plaintiff **does** have standing to challenge the validity of an assignment, if a person can show injury. See…Ames et al v. JP Morgan Chase, S15G1007, March 7, 2016, 298 Ga. 732 GA.

For the reasons stated, the Magistrates R&R should be rejected and discovery of the Plaintiff's Quiet Title Action allowed to continue, or in the alternative, the Plaintiffs Quiet Title should be granted.

**D. The Alleged Loan Has Been Securitized**

Plaintiff's obtained the publicly available EDGAR SEC filing that shows the graphic chart as well as the prospectus of the closing date. **(Exhibit, A-16, Prospectus, A-21 Graphic Chart).** The closing date for any transactions must have occurred by July 12, 2007, or at least 90 days after that. This would mean that any and all valid legal transactions would have had to occur on or about October 12, 2007. Any transactions, transfers, or assignments that occurred after this closing date is void, according to New York Trust Law. EPTL section 7-2.4. Which states that every sale, conveyance or other act of the trust in contravention of the trust is void. The PSA and Prospectus show that Newcastle Mortgage Trust 2007-1, Bear Stearns Asset Backed Securities, Wells Fargo Bank N.A., or The Bank of New York could be the holder of all Notes. Therefore, it makes the security deed and any other instrument void…in violation of the trust. The Defendant states that MERS as nominee assigned the alleged debt to Nationstar, (Doc #26, Ex, A) then Nationstar, assigned the alleged debt to Newcastle (Doc #26, Ex B). This is a violation of 12 U.S.C. §2605 (b)(1), and the Pooling and Servicing Agreement (PSA) of the Newcastle Mortgage Trust. MERS could not

11

have possibly held the Note, which would make the assignment to Defendant Nationstar void. Not only are the Defendants Exhibits A, B & C void...both assignments brings slander against the Plaintiff's title.

Under Universal Commercial Code (U.C.C) Article 3§3-501, Georgia adopted, Plaintiffs are entitled for presentment of the instrument . On January 27, 2015 Plaintiffs sent the Defendant "A Request For Admission" ( **Exhibit, D)** As such, Defendants had 30 days to respond or all actions will be "Deemed Admitted" according to the Federal Rules of Civil Procedure Rule 36. U.C.C. § 3-501 et seq allows for a borrower to discontinue payments without dishonor until the obligations of law have been met. Because Defendant refused to honor the Plaintiffs request, discovery should start and the Magistrates Judgment on the pleadings be rejected, or in the alternative, Plaintiffs Quiet Title should be granted.

## V. CONCLUSION

Plaintiffs have shown the Court why the Magistrates Report and Recommendation should not be adopted, by proving: (1) Plaintiffs are conclusively the title holders by way of Land Grant/Patent. (2) Any transaction or assignments after the closing date of the PSA (July 2007) is void. (3) Defendants do not have an enforceable right and have no standing to pursue the alleged debt.

12

(4) The Defendant has not shown any value given by them to enforce the instrument.

For the reasons listed above, Plaintiffs respectfully request that the Magistrates R&R be set aside, and allow for discovery to continue on the Plaintiffs Quiet Title action, or in the alternative, Plaintiffs Quiet Title should be granted.

Respectfully submitted,

Yaman F Taylor
7515 Garnet
Jonesboro, GA 30236
404-819-6299
tayloryaman12@outlook.com

The undersigned hereby certifies that a copy of the foregoing was sent via mail on May 17th 2017 to Defendant's Counsel listed below:

BALCH & BINGHAM LLP

CHRISTOPHER S. ANULEWICZ

GEREMY GREGORY

BROOKE W. GRAM

NATIONSTAR MORTGAGE, LLC

30 Ivan Allen Jr. Blvd. N.W. Suite 700

Atlanta, Georgia 30308

**COUNSEL FOR DEFENDANT NATIONSTAR MORTGAGE, LLC**

_____
Yaman Taylor
7515 Garnet Dr
Jonesboro, GA 30236