# EXHIBIT C

Exhibit C

**SECOND DIVISION
ANDREWS, P. J.,
MILLER and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

July 14, 2015

# In the Court of Appeals of Georgia

A15A0688. JOHNSON v. BANK OF AMERICA, N. A.

BRANCH, Judge.

Bobby Johnson, proceeding pro se, appeals from the dismissal of his suit to quiet title to certain property and the cancellation of a lis pendens. For the reasons stated below, we reverse.

On appeal of a trial court's ruling on a motion to dismiss, we conduct a de novo review. *Penny v. McBride*, 282 Ga. App. 590 (639 SE2d 561) (2006). Our role is "to determine whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, and with all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts." Id. (Citation omitted.)

Exhibit C

The record shows that in the Superior Court of Henry County, Bobby Johnson filed a verified complaint to quiet title against all the world to residential property located at 1721 Gallup Drive in Stockbridge; Johnson also filed a notice of lis pendens. In the complaint, Johnson alleged that he has fee simple title to the property by way of a 2006 warranty deed that, along with a plat of survey of the land, he attached to the complaint. Johnson named as defendants Pine State Mortgage Corporation (Pine State), Bank of America, N. A. (BANA), The Bank of New York Mellon (BONY), and "unknown parties." Johnson alleged that Pine State, which appears to have held a recorded security interest in the property, was "a dissolved mortgage lender," that it had relinquished all of its rights as of January 1, 2007, and that it "no longer [held] a security interest whatsoever in Plaintiff's property." Johnson alleged that BANA and BONY each claimed an estate in the property based on certain recorded assignments dated in 2011 and 2012, copies of which were attached to the complaint. Johnson alleged that these assignments were "without foundation, doubtful and constitute a cloud recorded against Plaintiff's title to the property." Johnson requested that the court declare that the defendants have no estate, right, title or interest in the property and that they be forever enjoined from asserting

Exhibit C

any such claim. Johnson requested that the superior court "at its discretion appoint and refer this matter to a Special Master pursuant to OCGA § 23-3-63."

BANA was served, but it is unclear from the record whether BONY was successfully served. Johnson followed steps to effect service by publication on Pine State. BANA answered and later moved to dismiss the complaint; neither Pine State nor BONY filed a similar motion. Citing *Montgomery v. Bank of America*, 321 Ga. App. 343 (740 SE2d 434) (2013), BANA argued that Johnson lacked standing to contest the assignments of the Pine State security deed. BANA included the Pine State security deed as an attachment to its motion. Johnson thereafter filed an amended complaint that included arguments and citations of law. On July 29, 2014, the superior court granted BANA's motion to dismiss, finding as follows:

> Having reviewed the relevant pleadings, submissions by the parties and applicable law, the Court finds BANA's motion to be well taken. Accordingly, for the reasons set forth in BANA's [brief], the Complaint is hereby DISMISSED WITH PREJUDICE." (Emphasis in original).

The court directed the clerk to record a copy of the order in the Henry County deed records and ordered that Johnson's notice of lis pendens be deemed null and void and cancelled as a matter of record. Johnson appeals.

3

Exhibit C

1. In separate enumerations of error, Johnson contends the trial court erred because it based its dismissal on the fact that Johnson did not file a formal response to BANA's motion to dismiss and because the trial court failed to consider his amended complaint. Although the trial court mentioned in its order that Johnson had not formally responded, the trial court's order shows that the trial court based its decision on "the relevant pleadings, submissions by the parties and applicable law." These contentions are therefore without merit.

2. In several remaining enumerations of error, Johnson contends the trial court erred as a matter of law by dismissing his complaint and cancelling the notice of lis pendens. As explained below, we agree that the trial court erred by dismissing the action and cancelling the lis pendens on the ground that Johnson lacks standing.

Actions against "all the world" to quiet title to real property are governed by the Quiet Title Act of 1966. OCGA § 23-3-60 et seq. The purpose of the Act "is to create a procedure for removing any cloud upon the title to land"; the Act is to be liberally construed; and the remedy provided "is intended to be cumulative and not exclusive." OCGA §§ 23-3-60; 23-3-71; 23-3-72. The Act "is a special statutory proceeding designed for a specific purpose." *James v. Gainey*, 231 Ga. 543, 545 (203 SE2d 163) (1974). The Act "creates an efficient, speedy and effective means of

4

Exhibit C

adjudicating disputed title claims and sets out specific rules of practice and procedure with respect to an in rem quiet title action against all the world that take precedence over the Civil Practice Act when there is a conflict." *Nelson v. Ga. Sheriffs Youth Homes*, 286 Ga. 192 (686 SE2d 663) (2009) (citation and punctuation omitted).[1]

Under the Act, "[a]ny person who claims an interest in land may bring a proceeding to establish title to the land, determine all adverse claims, or to remove clouds on his title." *Smith v. Ga. Kaolin Co.*, 264 Ga. 755, 756 (2) (449 SE2d 85) (1994). The Supreme Court has summarized the requirements of a petition to quiet title as follows:

> Under OCGA § 23-3-62 (b), a petition to quiet title must contain a particular description of the land, a specification of the petitioner's

---

[1] For example, contrary to the procedures that might otherwise be sufficient to effect proper service and require that a responsive pleading be filed under the Civil Practice Act, the Quiet Title Act requires that, in an in rem quiet title action, a special master must first be appointed who determines "who is entitled to notice" and who "causes process to (issue in accordance with the Act)" before a party is required to file a responsive pleading.

*Woodruff v. Morgan County*, 284 Ga. 651, 652 (1) (670 SE2d 415) (2008) (punctuation omitted).

Exhibit C

interest in the land, and whether that interest is based upon a written instrument, adverse possession, or both. In addition, the petition should be accompanied by a plat of survey and copies of any written instruments upon which petitioner's interest or that of an adverse claimant is based.

*GHG, Inc. v. Bryan*, 275 Ga. 336 (1) (566 SE2d 662) (2002). That court further held that "[a] petition is subject to dismissal only when on the face of the pleadings it appears that it is in noncompliance with OCGA § 23-3-62." Id. That court held that the plaintiff's petition, which alleged a chain of title from 1884 to the present, complied with the statutory requirements and was not subject to dismissal. Id. Compare *Dykes Paving & Constr. Co. v. Hawk's Landing Homeowners Assn.*, 282 Ga. 305 (647 SE2d 579) (2007) (a petition must allege that the claimant holds current title; allegations that defendant should convey future title to petitioner and that defendant gave petitioner an easement are insufficient to support a claim for quiet title relief); *Smith*, 264 Ga. at 756 (2) ("plaintiff must have more than the possibility of an interest in title to bring an action" to quiet title).

In his petition as amended, Johnson alleged that he holds current title by way of a warranty deed, which he attached to the complaint and which includes a particular description of the land. He also attached a plat of survey and identified or

6

Exhibit C

included copies of the instruments upon which the adverse claims are based. And he alleged that any interest held by Pine State has been relinquished and that the purported assignments to BANA and BONY are without legal effect. Regardless of the merits of these claims, Johnson has stated a claim under the Act and therefore has standing; thus, his complaint should not have been dismissed. *GHG*, 275 Ga. at 336 (affirming denial of motion to dismiss petition to quiet title); compare *In re Rivermist Homeowners Assn.*, 244 Ga. 515, 518 (260 SE2d 897) (1979) (dismissal proper where petitioner failed to bring itself within the language of the Quiet Title Act because it failed to show a current claim of title).

BANA's argument to the contrary is without merit. BANA contends the trial court was authorized to dismiss Johnson's petition to quiet title on the ground that assignments of security deeds may only be challenged by a party to the assignment and therefore Johnson had no standing to bring the quiet title action. We are not persuaded. A plaintiff in a quiet title action need not be a party to possible clouds upon title in order to bring a quiet title action in an attempt to remove those clouds. See generally Black's Law Dictionary (9th ed. 2009) (defining "cloud on title" as [a] defect or potential defect in the owner's title to a piece of land arising from some claim or encumbrance, such as a lien, an easement, or a court order."). Thus, the fact

Exhibit C

that Johnson was not a party to the assignments that he challenges does not destroy his standing to assert that those assignments are clouds upon his title. The only case upon which BANA relies for its argument, *Montgomery*, 321 Ga. App. 343, in which this Court affirmed the trial court's dismissal of a claim for quiet title, is not controlling. Although that opinion states that the lawsuit therein was an action for wrongful foreclosure, several other claims, and "quiet title," this Court did not examine whether the Quiet Title Act demanded a different result. "[Q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Palmer v. State*, 282 Ga. 466, 468 (651 SE2d 86) (2007) (punctuation and footnote omitted).

BANA's reliance on OCGA § 9-2-20 (a) is also not controlling. That Code section states that it pertains to "actions on a contract":

> As a general rule, an action on a contract, whether the contract is expressed, implied, by parol, under seal, or of record, shall be brought in the name of the party in whom the legal interest in the contract is vested, and against the party who made it in person or by agent.

Here, Johnson is not attempting to enforce or assert rights under a contract and therefore has not brought an action on a contract. See generally *Scott v. Cushman &*

8

Exhibit C

*Wakefield of Ga.*, 249 Ga. App. 264, 265 (547 SE2d 794) (2001) ("only parties to a contract may bring suit to enforce it," citing OCGA § 9-2-20 (a)). Rather, he seeks to determine whether a recorded instrument is an improper cloud upon his title. Accordingly, OCGA § 9-2-20 (a) does not apply.

The case of *Nelson v. Georgia Sheriffs Youth Homes*, 294 Ga. 228 (751 SE2d 783) (2013), upon which BANA also relies, is also distinguishable. BANA cites the case for the proposition that a trial court retains jurisdiction to grant summary judgment in quiet title cases even though a special master's report has not been entered. But there, the Supreme Court held that "when . . . there is a demand for a jury trial filed before the special master holds a hearing, the trial court has jurisdiction to proceed to trial" and is authorized to make findings of fact and to grant summary judgment when appropriate. Id. at 229; compare *Addison v. Reece*, 263 Ga. 631, 632 (1) (436 SE2d 663) (1993) ("If no demand for a jury trial is filed prior to the time he hears the case, the special master is the arbiter of law and fact and decides all issues in the case.") (citation and punctuation omitted). In the present case, no jury trial was demanded and no facts have been found by the trial court. Thus *Nelson* is distinguishable.

Exhibit C

In short, the trial court erred by dismissing Johnson's petition on the ground that he had no standing to bring this quiet title action and by cancelling the associated lis pendens. See *DOCO Credit Union v. Chambers*, 330 Ga. App. 633, 639 (2) (768 SE2d 808) (2015) (reversing dismissal of quiet title action).

3. Although not enumerated as error, Johnson also argues that the trial court erred by not appointing a special master. This argument is not properly before us. The only rulings of the trial court that Johnson enumerated as error were the dismissal of the petition and the cancellation of the lis pendens. "an appealing party may not use its brief to expand its enumeration of errors by arguing the incorrectness of a trial court ruling not mentioned in the enumeration of the errors." *Felix v. State*, 271 Ga. 534, 539 n. 6 (523 SE2d 1) (1999) (citations omitted).

We therefore reverse the dismissal of Johnson's quiet title action and the cancellation of the lis pendens. *Chambers*, 330 Ga. App. at 639 (2); see also *Woodruff*, 284 Ga. at 653 (1).

*Judgment reversed and case remanded with direction. Andrews, P. J., and Miller, J., concur.*

10