IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALLISHA K. TAYLOR and YAMAN F. TAYLOR, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| NATIONSTAR MORTGAGE LLC, | : | CIVIL ACTION NO. |
| | : | 1:15-cv-4403-AT |
| | : | |
| Defendant. | : | |

## **ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation [Doc. 34] that Defendant NationStar's Motion for Partial Judgment on the Pleadings be granted and that Plaintiffs' quiet title claim be dismissed.

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate Judge's R&R for clear error if no objections are filed to the report. 28 U.S.C. § 636(b)(1). If a party files objections, however, the district court must determine de novo any part of the Magistrate Judge's disposition that is the subject of a proper objection. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b). As Plaintiffs filed timely objections, the Court reviews the R&R de novo.

The Magistrate Judge recommended that this case be dismissed because Plaintiffs have not pleaded an ability to tender the amounts due under the note

and security deed.  She held that "Georgia law requires that a party first tender the amount due under the note and security deed before seeking the equitable remedy of quiet title."  (R&R at 5.)

The Court **DECLINES** to adopt the R&R insofar as it holds that a party must *always* tender the amount due under the note and security deed before advancing a quiet title claim.

However, the Court holds that under the specific facts alleged here Plaintiffs can and should be required plead tender before they can obtain the equitable relief of "Injunctive Relief from [the] alleged debt" and a "Declaration declaring Plaintiffs are the exclusive titleholders to their residential property and are the assignees to a said portion of the Land Grant."  (Compl. at pp. 14-15.) Plaintiffs also seek to "Declare against anyone and everyone, and thus 'Quiet' any challenges or claims to the title."  (*Id.* at 14.)

 "An action to quiet title is an equitable action under OCGA § 23-3-60 et seq." *Martin v. Patton*, 483 S.E.2d 614, 619 (Ga. Ct. App. 1997).  The authority to grant "[e]quitable relief is generally a matter within the sound discretion of the trial court." *Bruce v. Wallis*, 556 S.E.2d 124, 126 (Ga. 2001).

But when a party seeks the equitable remedy of cancellation of a deed or other instrument that clouds his title, a court may require he tender the amount of the debt admittedly owing.  *See Metro Atlanta Task Force for the Homeless, Inc. v. Ichthus Cmty. Trust*, 780 S.E.2d 311, 324 (Ga. 2015); Daniel F. Hinkel, 3

2

PINDAR'S GEORGIA REAL ESTATE LAW AND PROCEDURE § 25:19 (7th ed. 2013) ("[t]he maker of a security deed upon payment or tender of the full amount due is entitled to have it cancelled as a cloud upon his title"); *see also Williams-Grady v. Muller Real Estate Holdings, LLC*, No. 3:15-CV-00055-TCB-RGV, 2015 WL 11457695, at \*3 (N.D. Ga. Aug. 7, 2015), *report and recommendation adopted*, No. 3:15-CV-00055-TCB-RGV, 2015 WL 11492556 (N.D. Ga. Aug. 27, 2015) ("[i]n quiet title cases involving mortgages, Georgia law requires that a party first tender the amount due under the note and security deed before seeking the equitable remedy of quiet title.")

However, "tender is not an absolute rule, especially where it is alleged that the foreclosing party procured the sale of the property through its own improper conduct." *Metro Atlanta Task Force for the Homeless, Inc. v. Ichthus Cmty. Trust*, 298 Ga. 221, 236, 780 S.E.2d 311, 324 (2015). The Court can imagine scenarios where a party seeking cancellation of a deed plausibly alleges that the deed is void or that no amount is owing and so no tender should be required. *Cf. Am. Lien Fund, LLC v. Dixon*, 690 S.E.2d 415, 417 (Ga. 2010) (applying Georgia tax foreclosure statute that did not require tender when it appeared no tax was actually owing at time of the tax sale).

The problem with Plaintiffs' claim here is that they do not plausibly allege that they do not owe the underlying debt, that the note or security deed are void, or that NationStar has engaged in the kinds of inequitable conduct that might

3

otherwise convince the Court that it should not require some kind of tender. In fact, Plaintiffs admit the existence of the loan and admit that they were in default when NationStar acquired it. (Compl. ¶ 9.) Instead, Plaintiffs only allege that NationStar's later assignment of that loan is void. But Plaintiffs seek equitable relief that would wipe out the security deed and the accompanying debt. (Compl. at 14-15.) Under these circumstances, the Court agrees with the R&R insofar as it finds Plaintiffs should be required to plead that they have tendered the amount due under the note and security deed, that Plaintiffs have not done so, and that their quiet title claims should therefore be dismissed.

The Court next addresses Plaintiffs' specific objections. Plaintiffs object because:

- The Magistrate's Order Attempts to Set Aside the Land Grant.
- The cases cited in the R&R regarding tender focus on wrongful foreclosure, not quiet title actions.
- The assignment recorded is a cloud upon Plaintiff's Land Grant.
- The Alleged Loan has been securitized.
- And Plaintiff has not been presented a copy of the Note.

First, Plaintiff's "Land Grant" argument is that a purported land grant from the 1800s found in the Georgia Archives vests supreme title in them, superior to all other encumbrances, including Plaintiffs' security deed. The Court rejects this argument as meritless.

Second, Plaintiffs complain that most of the "tender" cases cited by the Magistrate Judge all concern wrongful foreclosure cases. That's true, but those

cases did address quiet title claims and still held that tender may be required. And, as described above, the Court finds that Plaintiffs have not plausibly alleged the kinds of facts that might convince the Court that they should not be required to tender.

Third, the fact that an assignment might be a cloud upon a person's title does not relieve Plaintiffs of their obligation to tender for the amounts owing under the note and security deed under the specific facts of this case.

Fourth, the fact that the loan has been securitized is immaterial to this case. "Georgia courts have *not* held that securitization invalidates a mortgage or extinguishes the underlying debt." *Walker v. U.S. Bank Nat. Ass'n*, 572 F. App'x 740, 742 (11th Cir. 2014) (emphasis added).

Fifth, Plaintiffs' "produce the note" theory fails to state a claim under Georgia law, whether or not it is couched as a quiet title claim. *Crespo v. Coldwell Banker Mortg.*, 599 F. App'x 868, 872 (11th Cir. 2014).

For the foregoing reasons, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the R&R [Doc. 34], and **DISMISSES** Plaintiffs' quiet title claims. The Court lifts the stay of discovery. The Parties may begin conducting discovery on the remaining TCPA claim(s) as of the date of this Order. The Parties should submit their joint preliminary report and discovery plan and file their initial disclosures in accordance with the Magistrate Judge's earlier order granting the motion to stay (Doc. 32).

**IT IS SO ORDERED** this 26th day of May, 2017.

_____
**Amy Totenberg**
**United States District Judge**